**MERCHANTS & PLANTERS BANK OF NEWPORT, ARKANSAS, Appellant,**

**v.**

**James E. SMITH, Comptroller of the Currency of the United States,**

**and**

**Jackson County National Bank, Appellees.**

**No. 74–1666.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1975.

Decided May 9, 1975.

James A. McLarty, Newport, Ark., for appellant.

Richard A. Olderman, Civil Div., App. Sec., Dept. of Justice, Washington, D. C. and Sam H. Boyce, Newport, Ark., for appellees.

Before MATTHES, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Merchants & Planters Bank of Newport, Arkansas, appeals from a district court[1] judgment which upheld the action of the Comptroller of the Currency of the United States in granting authority to the Jackson County National Bank[2] to operate a branch banking facility in the town of Diaz, Arkansas.

Diaz is a small community situated adjacent to Newport in the growth area of Jackson County, Arkansas. Jackson County National Bank was located in Tuckerman, Arkansas, some eight miles distant. Early in 1973 that bank filed an application with the Comptroller asking permission to relocate its main banking house from Tuckerman to Diaz and to retain its old banking office as a branch bank. The application was opposed by the two existing banks in Newport, Merchants & Planters and the First National Bank of Newport. A hearing was held before the Regional Administrator of National Banks in Memphis, Tennessee, at which the Newport banks appeared as protestants. Additionally, an internal investigation was undertaken by the National Bank Examiner, the result of which was a recommendation against approval.

■■■ The original application was not granted. However, while it was pending before the Comptroller, Jackson County National Bank submitted an alternative application requesting that it be allowed to establish a branch bank in Diaz. This alternative was considered and approved by the Comptroller with no further proceedings having been had. After exhausting administrative remedies the protestant banks brought this action in district court seeking declaratory and injunctive relief from the Comptroller's decision.[3]

The Comptroller and Jackson County National Bank, which was an intervenor-defendant, moved for summary judgment; and the motions were granted dismissing the complaint. In its memorandum opinion the district court found that the Newport banks' procedural complaints regarding the lack of a hearing on the alternative application were without merit and that the action of the Comptroller in granting the alternative application was neither arbitrary, capricious nor an abuse of discretion. Merchants & Planters Bank v. Smith, 380 F.Supp. 354, 361, 364 (E.D.Ark.1974).

After reviewing the record we are satisfied that the district court has stated the facts accurately and has properly applied the relevant law to those facts. We, therefore, affirm the judgment based on the thorough and well reasoned opinion of the trial court.

1. The Honorable J. Smith Henley, then Chief Judge, United States District Court for the Eastern District of Arkansas.

2. When the administrative proceedings were begun the applicant bank was known as the First National Bank of Tuckerman, Arkansas. However, the name was later changed to Jackson County National Bank.

3. After intervening as a defendant Jackson County National Bank counterclaimed alleging that in jointly opposing the original and alternative applications the protestant banks violated federal antitrust laws and were liable to it under the Clayton Act, 15 U.S.C. § 15. Judge Henley separated this counterclaim from the summary judgment motion and specifically deferred making any decision on it. However, while this counterclaim has never been decided by the district court, there is no difficulty regarding the jurisdiction of this Court under Fed.R.Civ.P. 54(b) because, subsequent to oral argument, the intervenor bank voluntarily dismissed its claim. Therefore, all the claims have been disposed of in the district court, and that court's order is a final appealable one under Rule 54(b).