811 F.2d 1405
 59 A.F.T.R.2d 87-713, 87-1 USTC P 9270, 7
Fed.R.Serv.3d 164
 Robert Walter GOVERN, Plaintiff-Appellant,
v.
Edwin MEESE, Attorney General of the United States, the U.S.
Department of the Treasury, Internal Revenue
Service, and Congress Financial
Corporation (Florida),
Defendants-Appellees.
 No. 86-3129
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 March 6, 1987.
 Grafton B. Wilson, II, Gainesville, Fla., for plaintiff-appellant.
 Britton, Cohen, Cassel, Kaufman & Schantz, P.A., Miami, Fla., for defendants-appellees.
 Roger M. Olsen, Acting Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Section, David English Carmack, Joan Oppenheimer, U.S. Dept. of Justice, Washington, D.C., for Meese, U.S. Dept. of Treasury & I.R.S.
 Appeal from the United States District Court for the Middle District of Florida.
 Before HATCHETT and CLARK, Circuit Judges, and TUTTLE,* Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This case raises two distinct jurisdictional issues. The first is procedural in nature and considers whether the appellant's prematurely filed notices of appeal were sufficient to appeal this case. The second is substantive in nature and concerns the subject matter jurisdiction of the federal courts to entertain a suit against the government by a private party seeking to ensure that he or she receives tax credit for property forfeited to the government as the fruit of an illegal enterprise. While we hold that one of the prematurely filed notices of appeal sufficed to appeal this case, upon review we also find that the doctrine of sovereign immunity bars this type of suit against the government. Accordingly, we affirm the district court's dismissal on the basis that it lacked subject matter jurisdiction.
 
 I.
 
 2
 The facts of this case may be summarized as follows. Between 1977 and 1982 Robert Govern supervised a massive marijuana distribution network. As a result, he was convicted of conspiracy to violate and of violating RICO, the Travel Act, the federal drug laws, and the personal income tax laws. See United States v. Zielie, 734 F.2d 1447 (11th Cir.1984), cert. denied sub nom., Govern v. United States, 469 U.S. 1216, 105 S.Ct. 1192, 84 L.Ed.2d 338 (1985).
 
 
 3
 On April 15, 1982, in relation to Govern's conviction for violating the income tax laws, the Internal Revenue Service imposed a jeopardy tax assessment against Govern for more than 13 million dollars for income tax due for the 1978, 1979 and 1980 tax years. During those years, Govern profited handsomely from his drug distribution network. In accordance with this assessment, the IRS filed tax liens against Govern in several counties in Florida and seized four parcels of real property--his residence, an apartment complex, and two single family residences. On December 28, 1982, these same properties were deemed forfeited to the United States pursuant to a judgment under RICO's criminal forfeiture provision. 18 U.S.C. Sec. 1963(a).
 
 
 4
 On March 13, 1985, while in the custody of the United States, Govern filed suit in the United States District Court for the Middle District of Florida against the Attorney General, the Treasury Department, the IRS, and the Congress Financial Corporation--a private Florida corporation holding a lien on one of the confiscated properties. In his suit, Govern sought declaratory relief to ensure that the value of the four parcels of real property which he previously owned would be credited against his tax liability notwithstanding their confiscation by the United States pursuant to a judgment of criminal forfeiture.
 
 
 5
 In response to Govern's complaint, the governmental defendants filed a motion to dismiss on the grounds that the district court lacked subject matter jurisdiction, that the complaint failed to state a claim upon which relief could be granted, that the action against the United States was barred by the doctrine of sovereign immunity, and that the suit was prohibited by Title 26, United States Code, Section 7421, which prohibits suits for the purpose of restraining the assessment and collection of any tax. The non-governmental defendant, the Congress Financial Corporation, filed an answer to the complaint seeking that it be dismissed with prejudice. The district court granted the governmental defendants' motion to dismiss but took no action in regard to the private defendant. Govern filed a timely notice of appeal, however, this Court dismissed his appeal for lack of jurisdiction, presumably on the ground that the district court's order disposed of fewer than all the claims of all the parties to the action.
 
 
 6
 Since Govern's quest for tax credit lay with competing branches of government and not with the private defendant, it was in Govern's best interest to obtain appellate review of his case against the government. To reach this end, Govern sought to have the district court dismiss that portion of the action that remained pending against the Congress Financial Corporation so that a final and appealable order would exist. Accordingly, Govern filed a "notice of voluntary dismissal" in the district court. Simultaneously, Govern filed a "notice of appeal" from the anticipated order of dismissal. Three weeks later, the district court entered the awaited order dismissing that portion of the action that remained pending against the Congress Financial Corporation. Govern did not file another notice of appeal at this time.
 
 
 7
 In retrospect, both of Govern's notices of appeal were filed prematurely. The first notice, the one filed after the district court dismissed only the governmental defendants, was premature in that a dismissal of less than all of the parties did not constitute a final appealable order. The second notice, the one filed in conjunction with the request for a dismissal of that portion of the case that remained pending against the private party, was premature in that it preceded the order which it sought to appeal. As such, this Court must consider the effect, if any, that these prematurely filed notices of appeal had in this case.
 
 II.
 
 8
 In Robinson v. Tanner, 798 F.2d 1378 (11th Cir.1986), this Court spoke in great length on the sufficiency of premature notices of appeal. After reviewing the case law and summarizing the alternatives for analyzing such notices, the Robinson Court set out six distinct categories with which to canvass prematurely filed notices of appeal. Id. at 1385. Cases falling within four of the six categories allow a prematurely filed notice to suffice to appeal a case. In the remaining two categories such notices are nugatory and fail to docket an appeal.
 
 
 9
 For the purpose of our review it is sufficient to note that this case falls within a category of cases in which a prematurely filed notice of appeal suffices to docket an appeal. Specifically, this case falls within the Jetco pattern of analysis, the first of the six patterns described in Robinson, which draws its origin from Jetco Electronic Industries v. Gardiner, 473 F.2d 1228 (5th Cir.1973).[1] Under a Jetco analysis:
 
 
 10
 [a] premature notice of appeal is valid if filed from an order dismissing a claim or party and followed by a subsequent final judgment without a new notice of appeal being filed.
 
 
 11
 Robinson, 798 F.2d at 1385.
 
 
 12
 In reviewing this case, we find that the first notice of appeal, the one Govern filed following the dismissal of the governmental defendants, sufficed to appeal this case when the district court subsequently entered a final judgment by dismissing that portion of the case that remained pending against the non-governmental defendant. Since Jetco dictates this result in regard to the first notice of appeal, we need not address the validity of the second and also prematurely filed notice of appeal. Accordingly, we find that this Court may entertain appellate jurisdiction in this matter.
 
 III.
 
 13
 Addressing the substantive issues of this appeal we find that this suit is barred under the doctrine of sovereign immunity. As such, we hold that the federal courts lack subject matter jurisdiction to settle this dispute. Our decision is based on this Court's ruling in Raulerson v. United States, 786 F.2d 1090 (11th Cir.1986).
 
 
 14
 In Raulerson, this Court was faced with nearly identical facts and issues as are raised by this appeal. Raulerson also sought declaratory relief ensuring that the property he forfeited to the United States as a result of his ongoing drug distribution network would be credited to his jeopardy tax assessment. Notwithstanding Raulerson's assertions to the contrary, this Court found that the United States has not waived its sovereign immunity and therefore has not consented to suits of this kind. The Raulerson Court surmised that "[t]he crux of the sovereign immunity bar here is that the United States had not consented to taxpayer suits to protect the IRS's pockets from other branches of the federal government." Id. at 1092 n. 4. Thus, a taxpayer liable to the IRS for taxes on unreported income which is the fruit of an illegal enterprise may not hail the government into court in order to ensure that he or she receives tax credit when property purchased with that income is confiscated by the United States under the laws of criminal forfeiture. Absent a valid waiver of sovereign immunity, the Raulerson Court properly found that the district court lacked the subject matter jurisdiction necessary to hear the case.
 
 
 15
 In light of Raulerson, we affirm the district court's dismissal of this action for want of subject matter jurisdiction.
 
 
 16
 AFFIRMED.
 
 
 
 *
 See Rule 3, Rules of the Court of Appeals for the Eleventh Circuit
 
 
 [1]
 In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc), this Court adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981