**Pauline SACKS and Marvin Sacks, Appellants,**

v.

**Herbert ROTHBERG.**

**No. 88–7009.**

United States Court of Appeals, District of Columbia Circuit.

May 6, 1988.

Joseph A. Artabane, Washington, D.C., for appellant.

Robert Plotkin and Robert E. Pokusa, Washington, D.C., for appellees.

## ON MOTION TO DISMISS APPEAL AS PREMATURE

Before RUTH BADER GINSBURG, D.H. GINSBURG and SENTELLE, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

The question before us is whether a premature notice of appeal becomes effective to vest this court with jurisdiction once the district court disposes, finally, of all matters pending before it. We answer that question in the affirmative, and hold that this court has jurisdiction over the instant appeal.

Appellants, Pauline and Marvin Sacks, filed a complaint alleging breach of contract and fraud, and requesting an accounting. Defendant, Herbert Rothberg, counterclaimed for abuse of process. On December 3, 1987, the district court granted summary judgment in favor of defendant on the breach of contract and fraud claims, and denied without prejudice the accounting claim. The court specifically noted that it was not ruling on the abuse of process counterclaim because that claim was not included in the cross-motions for summary judgment. On December 30, 1987, appellants filed a notice of appeal from the December 3, 1987 order. Appellee moved for voluntary dismissal of the counterclaim on January 7, 1988, and the district court granted that motion on January 26, 1988.

Appellee contends that dismissal is warranted, in light of Fed.R.Civ.P. 54(b), because the counterclaim remained pending in the district court at the time appellants filed the notice of appeal. The December

3, 1987 order neither resolved all claims nor included the determination and direction for the entry of judgment described in Fed. R.Civ.P. 54(b). That order, therefore, was not independently appealable under 28 U.S. C. §§ 1291, 1292.

Every circuit that has thus far addressed this issue has held that an appeal taken prematurely effectively ripens and secures appellate jurisdiction when the district court's judgment becomes final prior to disposition of the appeal. *See Gillis v. U.S. Dep't of H. & H. Services,* 759 F.2d 565, 569 (6th Cir.1985); *Alcorn County v. U.S. Interstate Supplies, Inc.,* 731 F.2d 1160, 1165–66 (5th Cir.1984); *Cape May Greene, Inc. v. Warren,* 698 F.2d 179, 184–85 (3d Cir.1983); *Martin v. Campbell,* 692 F.2d 112, 114 (11th Cir.1982); *Pireno v. New York Chiropractic Ass'n,* 650 F.2d 387, 390 n. 4 (2d Cir.1981), *aff'd sub nom. United Labor Life Insurance Co. v. Pireno,* 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982); *Baker v. Limber,* 647 F.2d 912, 916 (9th Cir.1981); *Merchants & Planters Bank of Newport, Arkansas v. Smith,* 516 F.2d 355, 356 n. 3 (8th Cir.1975). We adopt the position taken by our sister circuits, which comports with the Supreme Court's admonition that "the requirement of finality is to be given a 'practical rather than a technical construction.'" *Gillespie v. U.S. Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) (quoting *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed.2d 1528 (1949)). *See also* 28 U.S.C. § 1653 (defective allegations of jurisdiction may be amended in appellate court).

The position we now adopt is both practical, and fully consistent with the considerations underlying the finality rule stated in § 1291.* Because the January 26, 1988 order marked the completion of the district court's final disposition of all claims in this case, there is no danger of piecemeal re-

* We do not suggest that time cures all things. Thus, we have very recently held that a petition for review filed *before the occurrence* of the act to be reviewed (denial of a rule-making request) is incurably premature under the Waste Act and Hobbs Act. *Public Citizen v. NRC,* 845 F.2d at 1107, 1108–1110 (D.C.Cir.1988) ("it would be

pure fiction to treat the 1986 suit as a claim for review of the 1987 decision"). In contrast, the action to be reviewed here, summary judgment granted defendant-appellee on plaintiff-appellants' contract claims, preceded the notice of appeal by 27 days.

view. Accordingly, the motion to dismiss the appeal is denied.