884 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alexander EVANS, Plaintiff-Appellant,
v.
Richard B. ALLBROOKS, David Beard, Robert Collier, C.
Kitchin Josey, Defendants-Appellees,
and
W.C. Bailey, Sam Sledge, Brian Bozard, Palmer Aycock, Tony
Liles, Deanna Lynch, Defendants.
 No. 89-7061.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1989.
Decided Aug. 28, 1989.
 
 Alexander Evans, appellant pro se.
 Before HARRISON L. WINTER, DONALD RUSSELL, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alexander Evans filed a 42 U.S.C. Sec. 1983 complaint alleging misconduct by police officers, prosecutors, a newspaper reporter, his retained attorney, and a local judge, regarding the prosecution of numerous charges against him. Evans named nine defendants. On January 24, 1989, the district court sua sponte dismissed the claims against the judge, the prosecutors, and retained counsel as frivolous (Group A). The remaining claims (Group B) were to proceed "in normal course." On January 31 Evans executed a notice of appeal of the January 24 order. On February 28 the district court sent an order to Evans requiring the payment of a partial filing fee. See Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982). The court gave Evans 30 days to respond. On April 19, after no response from Evans, the court dismissed the complaint. On May 5, this Court informed Evans of the need to file a second notice of appeal and/or a motion for extension of time. Evans has not responded to this letter or filed any other pleading in this Court.
 
 
 2
 Regarding the Group A claims, we review the merits of Evans's claims despite his premature notice of appeal because the later dismissal of the claims retroactively validated the premature notice. See Sacks v. Rothberg, 845 F.2d 1098 (D.C.Cir.1988); Govern v. Meese, 811 F.2d 1405 (11th Cir.1987); Knight v. Brown Transport Corp., 806 F.2d 479 (3d Cir.1986); Gillis v. United States Dep't of Health and Human Serv., 759 F.2d 565 (6th Cir.1985); Pireno v. New York State Chiropractic Ass'n, 650 F.2d 387 (2d Cir.1981), aff'd, 458 U.S. 119 (1982); Anderson v. Allstate Ins. Co., 630 F.2d 677 (9th Cir.1980); Merchants & Planters Bank v. Smith, 516 F.2d 355 (8th Cir.1975). But see United States v. Hansen, 795 F.2d 35 (7th Cir.1986). As to the merits, Evans's claims are wholly frivolous--the state judge has absolute immunity, see Stump v. Sparkman, 435 U.S. 349 (1978); the prosecutors are also absolutely immune, see Imbler v. Pachtman, 424 U.S. 409 (1976); and privately retained counsel do not act "under color of state law" and thus are not liable under Sec. 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir.1976). Thus, the district court properly dismissed these claims.
 
 
 3
 Regarding the Group B claims, we can discern no intent of Evans to appeal the April 19 order. Despite ample opportunity, Evans has filed no document in the district court or this Court since his notice of appeal of the Group A claims. Therefore, we are without jurisdiction to entertain an appeal on these claims. See Fed.R.App. 4(a).
 
 
 4
 Accordingly, we grant leave to proceed in forma pauperis, affirm the dismissal of the Group A claims, and dismiss the appeal of the Group B claims. We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument will not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, DISMISSED IN PART.