924 F.2d 1053
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald CHAMBERS, Claimant-Appellant,
and
Tracts of Land Containing 22.73 Acres and 6.20 Acres, as
Recorded in the Office of Register of Deeds, Person County
in Book 189, Page 332, and Being known as the Roxboro
Dragway, Together With Appurtenances Including One Chrondek
Electronic Timing Computer, Public Address Sound System,
"Christment Tree" Starting Lights, Concession Equipment, and
Blower, Defendant,
and
Satterfield & Clayton Ashpalt & Concrete Company, Roxboro
Motor Sports, Inc., Claimants.
 No. 90-6869.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 4, 1991.
Decided Feb. 1, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Richard C. Erwin, Chief District Judge. (CA-89-457-D)
 Reginald Chambers, appellant pro se.
 Richard Lee Robertson, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Reginald Chambers appeals the district court's entry of default judgment against him. Although Chambers's notice of appeal was premature because it was filed after adjudication as to some, but not all, claims or parties, it was retroactively validated to confer jurisdiction on this Court when the remaining claims and parties were disposed of. See Sacks v. Rothberg, 845 F.2d 1098 (D.C.Cir.1988); Govern v. Meese, 811 F.2d 1405 (11th Cir.1987); Knight v. Brown Transport Corp., 806 F.2d 479 (3d Cir.1986); Gillis v. United States Dep't of Health and Human Serv., 759 F.2d 565 (6th Cir.1985); Pireno v. New York State Chiropractic Ass'n, 650 F.2d 387 (2d Cir.1981), aff'd, 458 U.S. 119 (1982); Baker v. Limber, 647 F.2d 912 (9th Cir.1981); Anderson v. Allstate Ins. Co., 630 F.2d 677 (9th Cir.1980); Merchants & Planters Bank v. Smith, 516 F.2d 355 (8th Cir.1975).
 
 
 2
 Our review of the record discloses that the appeal of the entry of default judgment is without merit. However, in his notice of appeal, Chambers claims that the judgment should be set aside because he was unable to respond to the forfeiture complaint because he is imprisoned, and he contends that he has a meritorious defense. These claims must be raised in a Fed.R.Civ. P. 60(b) motion in the district court and cannot be raised for the first time on appeal. Accordingly, we affirm the district court's entry of a default judgment without prejudice to the claimant's filing of a motion under Fed.R.Civ.P. 60(b) to vacate the default judgment. United States v. United States Currency Totalling $3,817.49, 826 F.2d 785 (8th Cir.1987). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.