**Emerson THOMAS, Appellant,**

v.

**Marian BASHAM, Appellee.**

**No. 90–2450WM.**

United States Court of Appeals, Eighth Circuit.

Submitted April 8, 1991.

Decided May 2, 1991.

Daniel Dodson, Jefferson City, Mo., for appellant.

Bruce Farmer, Jefferson City, Mo., for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and PECK,* Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Emerson Thomas appeals from an order entered in the District Court[1] for the Western District of Missouri granting summary judgment in favor of Marian Basham. *Thomas v. Basham*, No. 88–4600–CV–C–5

(W.D.Mo. July 26, 1990) (order granting summary judgment). For the reasons discussed below, we dismiss the appeal for lack of appellate jurisdiction.

Thomas is an inmate at the Missouri State Penitentiary; Basham is the prison mailroom supervisor. A dispute arose between Thomas and Basham concerning certain prison mailroom regulations. On July 30, 1986, Thomas sent Basham a letter in which he stated that Basham was "an unstable state employee" and suggested that she should seek professional help because she suffered from "either brain damage or an acute case of lunacy—or a combination of both." On September 11, 1986, Basham issued a conduct violation for Thomas because the letter contained insulting and abusive language. Following a hearing, the prison authorities disciplined Thomas for using abusive language in the letter.

On December 28, 1988, Thomas then filed this civil rights action in federal district court seeking declaratory and injunctive relief and damages for the disciplinary violation. Basham responded by filing a two-count state law counterclaim against Thomas.[2] On July 2, 1990, both parties moved for summary judgment. On July 26, 1990, the district court granted Basham's motion for summary judgment and denied Thomas's motion. On August 28, 1990, Thomas filed a notice of appeal. Subsequently, on October 10, 1990, the district court dismissed one of Basham's counterclaims without prejudice and, on October 24, 1990, dismissed Basham's remaining counterclaim without prejudice. Thomas did not, however, file a new notice of appeal.

The federal courts are courts of limited, not general, jurisdiction. *See, e.g., Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Thus, every

---

* The Honorable John W. Peck, Senior United States Circuit Judge for the Sixth Circuit, sitting by special designation.

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

2. Basham asserted abuse of process and defamation claims.

federal appellate court has a special obligation to consider its own jurisdiction. *Id.; see also Alumax Mill Products, Inc. v. Congress Financial Corp.*, 912 F.2d 996, 1002 (8th Cir.1990). In fact, jurisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue. *E.g., Hughes v. Patrolmen's Benevolent Ass'n*, 850 F.2d 876, 881 (2d Cir.), *cert. denied*, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988). Basham argues that this court lacks appellate jurisdiction because Thomas filed a premature notice of appeal. She argues that at the time Thomas filed his notice of appeal on August 28, 1990, she still had two counterclaims pending. Thus, Basham argues the district court's July 26, 1990, order granting summary judgment was not a final and appealable order. We agree.

▆▆▆ Under the final judgment rule, courts of appeals have jurisdiction of appeals from all final decisions of the district courts "except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. Generally, a district court decision is final when "the district court has rendered a decision that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Towers Hotel Corp. v. Rimmel*, 871 F.2d 766, 769 (8th Cir.1989), *citing Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). In the present case, the notice of appeal filed on August 28, 1990, was clearly premature. The grant of summary judgment on July 26, 1990, was not a final judgment because Basham's counterclaims were still outstanding. The judgment was not final until October 24, 1990, when the district court dismissed Basham's second counterclaim. Thomas did not file a new notice of appeal within 30 days after the date of entry of the judgment as required by Fed.R.App.P. 4(a)(1).

Nor did the district court certify the grant of summary judgment under Fed.R.Civ.P. 54(b). Under Rule 54(b), the district court can enter final judgment on one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Thus, if a party obtains Rule 54(b) certification, the appeals court has jurisdiction over the appeal even though other claims remain unresolved in the district court. We have held that a subsequent Rule 54(b) certification can validate a premature notice of appeal. *See Martinez v. Arrow Truck Sales, Inc.*, 865 F.2d 160, 161 (8th Cir.1988) (per curiam); *see also Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645–46 (10th Cir.1988) (banc); *cf. Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam) (appellate court sua sponte remanded case to district court for limited purpose of Rule 54(b) certification on nunc pro tunc basis). In the present case, however, Thomas did not obtain Rule 54(b) certification.

We believe *Merchants & Planters Bank v. Smith*, 516 F.2d 355 (8th Cir.1975) (per curiam) (*Merchants & Planters Bank*), is distinguishable from the present case. In *Merchants & Planters Bank*, the bank sought declaratory and injunctive relief in the district court from the decision of the Comptroller to allow a competitor to open a branch office. The competitor intervened as a party defendant and filed an antitrust counterclaim against the bank. *Id.* at 356 & n. 3. The district court granted summary judgment in favor of the Comptroller but deferred any decision on the competitor's counterclaim. *Id.* We held that there was appellate jurisdiction when, subsequent to oral argument, the competitor voluntarily dismissed its counterclaim, because the district court had made a de facto Rule 54(b) certification by administratively separating the bank's challenge to the Comptroller's decision from the competitor's counterclaim. *Id.* In the present case, the district court did not administratively separate Thomas's claim from Basham's counterclaims, and thus there was no de facto Rule 54(b) certification which could have validated the premature notice of appeal.[3]

---

**3.** *But see Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1402 (9th Cir.1988) (premature

Accordingly, the appeal is dismissed for lack of appellate jurisdiction.

notice of appeal validated if remaining claims subsequently disposed of); *Lewis v. B.F. Goodrich Co.,* 850 F.2d 641, 645 (10th Cir.1988) (banc) (there is appellate jurisdiction when district court has adjudicated all remaining outstanding claims before court of appeals acts to dismiss appeal, whether or not a party has obtained Rule 54(b) certification in the meantime); *Sacks v. Rothberg,* 269 U.S.App.D.C. 353, 845 F.2d 1098, 1099 (1988) (per curiam) (appeal taken prematurely effectively ripens and secures appellate jurisdiction when the district court judgment becomes final prior to disposition).