998 F.2d 1009
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marcus A. JOSEPH, Plaintiff-Appellant,
v.
CHARLOTTE COUNTY SHERIFF'S DEPARTMENT; Glen E. Sapp; Mike
Gandy; H.M. Turbeville; Gary Martin, Defendants-Appellees.
 No. 92-6932.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 3, 1993.
July 6, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CA-92-2198-3-17AJ)
 Marcus A. Joseph, Appellant Pro Se.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Marcus A. Joseph appeals from the district court's orders denying relief under 42 U.S.C. § 1983 (1988). Our review of the record and the district court's opinions accepting the recommendation of the magistrate judge discloses that this appeal is without merit, except for the district court's dismissal of Joseph's claims against Defendants H. M. Turbeville and Gary Martin for Joseph's extradition from Florida to South Carolina without the benefit of an extradition hearing.* Accordingly, with the exception of the extradition hearing claims, we affirm on the reasoning of the district court. Joseph v. Charlotte County Sheriff's Dep't, No. CA-92-2198-3-17AJ (D.S.C. Aug. 24, 1992).
 
 
 2
 As to the extradition hearing claims, we find that the magistrate judge and the district court failed to consider this Court's ruling in Wirth v. Surles, 562 F.2d 319, 323 (4th Cir. 1977), cert. denied, 435 U.S. 933 (1978), that "a complaint alleging the arrest and transportation of a fugitive without extradition proceedings does create a cause of action pursuant to 42 U.S.C. § 1983." Accordingly, we vacate the district court's order dismissing the extradition hearing claims against Turbeville and Martin and remand for further proceedings consistent with Wirth.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 Joseph's notice of appeal was filed after the district court dismissed some, but not all, of his claims. After Joseph's premature notice of appeal but before we considered his appeal, the district court dismissed all remaining counts. That subsequently filed dispositive order rendered the district court's initial order "final" under 28 U.S.C. § 1291 (1988), and cured any interlocutory defect as to Joseph's premature appeal. See Equipment Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir. 1992). However, the remaining claims dismissed by the subsequently filed dispositive order cannot be thereby brought within the boundaries of Joseph's appeal and are not, therefore, considered herein. See Sacks v. Rothberg, 845 F.2d 1098, 1099 (D.C. Cir. 1988). Hence, we shall not consider the merits of the district court's dismissal of Joseph's claims, under Miranda v. Arizona, 384 U.S. 436 (1966), against Defendants H. M. Turbeville and Gary Martin