33 F.3d 52
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Henry SHULER, Jr., Plaintiff Appellant,
v.
Samuel F. SAXTON, Director; Cassandra McCollum, Correction
Officer, Defendants Appellees,
and
All Other Officers Involved, Defendants.
 No. 94-6383.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1994.
Decided August 16, 1994.
 
 James Henry Shuler, Jr., appellant Pro Se.
 Crystal Renee Mittelstaedt, County Attorney's Office, Upper Marlboro, MD, for appellees.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 PER CURIAM
 
 1
 Appellant seeks to appeal from Appellee's motion for summary judgment. Although the district court subsequently entered final judgment against Appellant, that order did not retroactively validate Appellant's earlier, premature notice of appeal.[1] This Court may exercise jurisdiction only over final orders, 28 U.S.C. Sec. 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. Sec. 1292 (1988); Fed.R.Civ.P. 54(b); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).
 
 
 2
 Because Appellant did not appeal from either a final order or an appealable interlocutory order, this appeal is dismissed for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[2]
 
 DISMISSED
 
 
 [1]
 Appellant did not file a notice of appeal from an order dismissing some claims or parties. Accordingly, the district court's order could not retroactively validate Appellant's appeal. See Sacks v. Rothberg, 845 F.2d 1098 (D.C.Cir.1988)
 
 
 [2]
 We also note that the district court's dismissal without prejudice of Appellant's claim against the unnamed Defendants does not prevent Appellant from refiling. Should Appellant elect to refile that claim, he is entitled to assistance from the district court in discovering the identities of these Defendants. See Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.), cert. denied, 439 U.S. 970 (1978)