_____

No. 95-3852
_____

Clifton Berglee,                         *
                                         *
          Appellant,                     *
                                         *
     v.                                  *
                                         *
First National Bank, Brookings,   *
South Dakota,                            *
                                         *
          Appellee.                      *
                                         *

_____                              Appeals from the United States
                                         District Court for the
No. 95-3884                              District of South Dakota.
_____

Clifton Berglee,                         *        [UNPUBLISHED]
                                         *
          Appellee,                      *
                                         *
     v.                                  *
                                         *
First National Bank, Brookings,   *
South Dakota,                            *
                                         *
          Appellant.                     *


_____

          Submitted:  January 21, 1997

              Filed:  January 30, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, MURPHY, Circuit Judges.
_____

PER CURIAM.


     In December 1994, Clifton Berglee filed this action against First
National Bank (Bank) in Montana state court; the case was removed to
federal court on diversity grounds and then transferred to the
district court of South Dakota.  Berglee filed a second

amended complaint, seeking coercive relief to enforce a prior declaratory judgment entered by the Montana federal district court declaring the Bank had made certain disbursements out of Berglee's account without his authorization; and asserting various tort claims arising out of the Bank's unauthorized disbursements and the Montana proceedings.

On August 15, 1995, the district court dismissed Berglee's tort claims, summarily concluding Berglee was precluded from raising claims he had failed to raise in the prior litigation; granted the coercive relief; and awarded Berglee prejudgment interest from the date Berglee obtained his final declaratory judgment in Montana district court. On September 5, the Bank moved alternatively for a new trial or for an order amending the judgment, pursuant to Federal Rule of Civil Procedure 59. On September 21, Berglee filed a cross motion to amend the judgment. On October 2, the court denied these postjudgment motions. On October 30, Berglee filed his notice of appeal; on November 9, the Bank filed its notice of cross appeal.

Although neither party addressed the timeliness of this appeal, we raise sua sponte jurisdictional issues "when there is an indication that jurisdiction is lacking, even if the parties concede the issue." See Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991). As the court entered its final order on August 15, the Bank filed its motion for a new trial or to amend the judgment on September 5, and Berglee filed his cross motion to amend the judgment on September 21, these motions were untimely. See Fed. R. Civ. P. 59(b) and (e); Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988) (district court lacks jurisdiction over untimely Rule 59 motion and ruling thereon is nullity). Moreover, because these postjudgment motions were untimely, the time for filing a notice of appeal was not tolled and thus neither party timely filed

-2-

a notice of appeal.  We note the district court entered its order on August 15, Berglee filed his notice of appeal on October 30, and

the Bank filed its notice of cross appeal on November 9.  See Fed. R. App. P. 4(a)(1) and (4); Sanders, 862 F.2d at 168-70 (thirty-day appeal period runs from entry of initial judgment when Rule 59 motion is untimely).  Because both parties filed untimely postjudgment motions and notices of appeal, we dismiss for lack of jurisdiction.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.