# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3670

_____

| | | |
|---|---|---|
| Lenzy McCullough, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Ronald Dobbs, Warden, Pine Bluff Unit, | * | Eastern District of Arkansas |
| Arkansas Department of Correction; | * | |
| Larry Norris, Director, Arkansas | * | [UNPUBLISHED] |
| Department of Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  March 25, 1999

Filed:  May 17, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Lenzy McCullough appeals from an order entered in the District Court[1] for the Eastern District of Arkansas.  In his 42 U.S.C. § 1983 complaint, McCullough claimed

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

an Arkansas Department of Correction grooming policy violated his First Amendment free exercise rights and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb to 2000bb-4. He sought preliminary and permanent injunctive relief. The district court dismissed McCullough's RFRA claim and denied his request for a preliminary injunction.

On appeal, McCullough argues the merits of his free exercise claim. Because the order from which McCullough appeals did not dispose of that claim, it is not before us. See Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991) (order dismissing fewer than all claims in pending action is not final appealable order). However, we have jurisdiction over the district court's denial of preliminary injunctive relief. See 28 U.S.C. § 1292(a)(1). We conclude the court did not abuse its discretion by denying McCullough injunctive relief. See United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998) (standard of review). McCullough could not demonstrate a probability of succeeding on the merits. See Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc) (probability of success on merits should be considered when movant requests preliminary injunction). We have consistently concluded that prison grooming policies similar to the present one are reasonably related to legitimate security concerns that outweigh inmates' free exercise rights. See Hamilton v. Schriro, 74 F.3d 1545, 1550-51 (8th Cir.), cert. denied, 519 U.S. 874 (1996); Iron Eyes v. Henry, 907 F.2d 810, 814-16 (8th Cir. 1990).

Accordingly, we affirm the denial of McCullough's request for preliminary injunctive relief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.