# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3834

_____

Christopher D. Laughlin,                    *
                                            *
            Appellant,                      *
                                            *
      v.                                    *   Appeal from the United States
                                            *   District Court for the
Larry B. Norris, Director, Arkansas         *   Eastern District of Arkansas
Department of Correction; Bill              *
Terry, CO-3, Arkansas Department of         *        [UNPUBLISHED]
Correction; A.J. Hall, CO-5, Arkansas       *
Department of Correction,                   *
                                            *
            Appellees.                      *

_____

Submitted:   March 25, 1999
Filed:  May 17, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

        Christopher D. Laughlin appeals from an order entered in the District Court[1] for
the Eastern District of Arkansas.  In his 42 U.S.C. § 1983 complaint, Laughlin claimed

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the
Eastern District of Arkansas, adopting the report and recommendation of the Honorable
Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of
Arkansas.

an Arkansas Department of Correction grooming policy violated his First Amendment free exercise rights and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb to 2000bb-4. He sought preliminary and permanent injunctive relief. The district court dismissed Laughlin's RFRA claim and denied his request for a preliminary injunction.

On appeal, Laughlin argues the merits of his free exercise claim. Because the order from which Laughlin appeals did not dispose of that claim, it is not before us. See Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991) (order dismissing fewer than all claims in pending action is not final appealable order). However, we have jurisdiction over the district court's denial of preliminary injunctive relief. See 28 U.S.C. § 1292(a)(1). We conclude the court did not abuse its discretion by denying Laughlin injunctive relief. See United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998) (standard of review). Laughlin could not demonstrate a probability of succeeding on the merits. See Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc) (probability of success on merits should be considered when movant requests preliminary injunction). We have consistently concluded that prison grooming policies similar to the present one are reasonably related to legitimate security concerns that outweigh inmates' free exercise rights. See Hamilton v. Schriro, 74 F.3d 1545, 1550-51 (8th Cir.), cert. denied, 519 U.S. 874 (1996); Iron Eyes v. Henry, 907 F.2d 810, 814-16 (8th Cir. 1990).

Accordingly, we affirm the denial of Laughlin's request for preliminary injunctive relief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.