# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3764

———————

Barbara Jean Seals,                          *
                                             *
      Appellant,                        *
                                             *
  v.                                         *
                                             *
Missouri Division of Administration,         *   Appeal from the United States
City of St. Louis; Missouri Department       *   District Court for the
of Labor and Industrial Relations;           *   Eastern District of Missouri.
City of St. Louis; Missouri Department        *
of Revenue; Department of Revenue            *   [UNPUBLISHED]
Service Center; Robert Young Building        *
Internal Revenue Service Center;             *
Department of Housing and Urban              *
Development; Christopher "Kit" Bond;         *
John Ashcroft,                               *
                                             *
      Appellees.                        *

———————

Submitted: August 3, 2005
Filed: August 9, 2005

———————

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Barbara J. Seals appeals from the district court's order dismissing her civil action under 28 U.S.C. § 1915(e)(2)(B) without prejudice. We dismiss the appeal for

want of jurisdiction. The judgment is not a final, appealable order because it does not rule on claims against a number of defendants--for example, Ameren UE, Laclede Gas Company, and Today Office Staffing, Inc.--who were clearly named in various pleadings that were incorporated into the complaint by the court as amended complaints. See 28 U.S.C. § 1291 (creating appellate jurisdiction over final decisions of district courts); Fed. R. Civ. P. 54(b) ("order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties").

Therefore, we dismiss the appeal for want of jurisdiction. See Thomas v. Basham, 931 F.2d 521, 522-24 (8th Cir. 1991) (appellate courts have obligation to raise jurisdictional issues sua sponte "when there is an indication that jurisdiction is lacking"; appeal was "clearly premature" where some claims were still pending).

_____