# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1362

_____

Theodore Miller,                               *
                                               *
          Appellant,                           *
                                               *   Appeal from the United States
     v.                                        *   District Court for the
                                               *   Western District of Missouri.
Bill Hedrick; James K. Wolfson;                *
Bill Lewis; M. Cantrell; Mahmood               *        [UNPUBLISHED]
Choudhury; Zafahon,                            *
                                               *
          Appellees.                           *

_____

Submitted: July 29, 2005
Filed:  August 17, 2005

_____

Before MELLOY, McMILLIAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Theodore Miller appeals from the district court's order dismissing his civil rights complaint against various prison officials. We grant Miller leave to proceed in forma pauperis, and dismiss the appeal for want of jurisdiction.

The judgment was not a final, appealable order, because it did not address all named defendants. See 28 U.S.C. § 1291 (creating appellate jurisdiction over final decisions of district courts); Fed. R. Civ. P. 54(b) ("order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and

liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties"). Whereas the district court's order mentioned Bill Hedrick and Robert McFadden only, the caption of Miller's amended complaint indicated his intent to sue additional defendants, and the body of the complaint sufficiently identified these individuals. They included four defendants whom Miller named in his original complaint and the district court continued to list as defendants on its docket. Cf. Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.").

Therefore, we dismiss the appeal for lack of jurisdiction. See Thomas v. Basham, 931 F.2d 521, 522-24 (8th Cir. 1991) (appellate courts have obligation to raise jurisdictional issues sua sponte "when there is an indication that jurisdiction is lacking"; appeal was "clearly premature" where some claims were still pending).

_____