# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2779

_____

Grady Newingham,                       *
                                        *

          Appellant,            *
                                        *   Appeal from the United States
    v.                          *   District Court for the
                                        *   Eastern District of Arkansas.
Sharon Staten, Corporal of Security,  *
Tucker Unit, Arkansas Department of  *   [UNPUBLISHED]
Correction (originally sued as        *
Stacey Staten),                   *
                                        *

          Appellee.             *

_____

Submitted: November 1, 2005
Filed: November 7, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Grady Newingham appeals from the district court's[1] order, entered in his 42 U.S.C. § 1983 action, granting his motion for a default judgment, assessing damages in the amount of $1,000, and referring back to the magistrate judge his request to reinstate a claim. We dismiss the appeal for want of jurisdiction, as the

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

appealed order referred a claim back to the magistrate judge for further consideration, and did not render a final, appealable decision.  See 28 U.S.C. § 1291 (creating appellate jurisdiction over final decisions of district courts); Fed. R. Civ. P. 54(b) ("order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties"); Thomas v. Basham, 931 F.2d 521, 522-524 (8th Cir. 1991) (appellate courts have obligation to raise jurisdictional issues sua sponte "when there is an indication that jurisdiction is lacking"; appeal was "clearly premature" where some claims remained pending; subsequent entry of final judgment did not ripen otherwise premature appeal).

_____