**ALL COMPUTERS, INC.,**
Plaintiff–Appellant,

v.

**INTEL CORPORATION,**
Defendant–Appellee.

No. 2006–1554.

United States Court of Appeals,
Federal Circuit.

Sept. 28, 2006.

Before LOURIE, BRYSON, and LINN, Circuit Judges.

ON MOTION

*ORDER*

BRYSON, Circuit Judge.

Intel Corporation moves to dismiss All Computers, Inc.'s (ACI) appeal for lack of jurisdiction. ACI opposes. Intel replies.

On January 11, 2005, the United States District Court for the Eastern District of Virginia granted Intel's motion for summary judgment of noninfringement in *All Computers, Inc. v. Intel Corp.,* district court case no. 04–CV–586. The district court entered a "judgment" on February 9, 2005. ACI filed a notice of appeal on March 4, 2005. On May 4, 2006, a merits panel of this court dismissed the appeal because Intel's declaratory judgment counterclaims remained pending and there was no final judgment.

The parties subsequently stipulated to dismissal of Intel's counterclaims before the district court and the district court entered final judgment on June 9, 2006. On July 26, 2006, more than 30 days after entry of final judgment, ACI filed a "notice

of ripening of notice of appeal" in the district court. The district court transmitted the notice to this court and it was docketed as appeal no. 2006–1554.

Intel argues that ACI did not timely file a notice of appeal from the final judgment. We agree. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."). Here, the "notice of ripening," if construed as a notice of appeal, was filed 47 days after the district court's entry of judgment.

ACI argues that its previous appeal, filed on March 4, 2005, "ripened" when the district court entered judgment on June 9, 2006. Fed. R. App. P. 4(a)(2) provides that a notice of appeal "filed after the court announced a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."

In this case, a merits panel dismissed the previous appeal for lack of jurisdiction before the counterclaims were disposed of and our dismissal ended any proceedings related to the previous notice of appeal. There is authority for the proposition that a premature notice of appeal ripens if a district court's judgment is entered when the appeal remains pending. *See Sacks v. Rothberg,* 845 F.2d 1098, 1099 (D.C.Cir. 1988) ("Every circuit that has thus far addressed this issue has held that an appeal taken prematurely effectively ripens and secures appellate jurisdiction when the district court's judgment becomes final prior to the disposition of the appeal."); *E-Pass Tech., Inc. v. 3Com Corp.,* 343 F.3d 1364, 1367 (Fed.Cir.2003) (allowing appeal to proceed when the district court dismissed pending counterclaims during the pendency of the appeal). However, in the present case, the district court's judgment did not become final prior to our disposition of the previous appeal. Thus, the dismissed appeal did not ripen when the district court entered judgment. ACI failed to file a timely notice of appeal after entry of the judgment and thus this case must be dismissed.

Accordingly,

IT IS ORDERED THAT:

Intel's motion to dismiss is granted.