George **FREEMAN, individually and on behalf of The Sanctuary, a Universal Life Church Monastery, Plaintiff-Appellant,**

v.

Leroy **HITTLE, L.H. Pedersen, Kazuo Watanabe, Donald Eldridge, Keith Lewellen, Wes Parks, Dave Goyette, Michael Challinor, and Dean Turner, Defendants-Appellees.**

No. 82–3675.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1984.

Decided Nov. 23, 1984.

As Amended Jan. 8, 1985.

Scott E. Stafne, Seattle, Wash., for plaintiff-appellant.

Mary Ann Condon, Asst. Atty. Gen., Seattle, Wash., for defendants-appellees.

Before ANDERSON, SKOPIL, and BOOCHEVER, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

George Freeman, individually and on behalf of The Sanctuary, a Universal Life Church Monastery (ULC), appeals the district court's grant of summary judgment in favor of members and employees of the Washington State Liquor Control Board (LCB). The ULC, which has a predominately homosexual membership, operates an establishment called The Sanctuary. Freeman, who is a minister of the ULC, raises several issues on appeal, all involving deprivation of his constitutional rights in violation of 42 U.S.C. §§ 1983 and 1985.

Summary judgment is proper if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A grant of summary judgment is subject to *de novo* review. *National Union Fire Insurance Co. of Pittsburgh, Pennsylvania v. Argonaut Insurance Co.*, 701 F.2d 95, 96 (9th Cir.1983).

PREMATURELY FILED NOTICE OF APPEAL

Freeman sued several parties, including the members of the LCB. The district court, on October 26, 1982, granted the motion of the LCB for summary judgment. Freeman filed a notice of appeal from the October 26 order on November 23, 1982. On December 7, 1982, the court certified that there was no just reason for delay and directed entry of judgment as to the October 26 order pursuant to Federal Rule of Civil Procedure 54(b). Judgment was entered on December 9, 1982. No notice of appeal was later filed.

LCB contends this court does not have jurisdiction because the notice of appeal was filed after summary judgment was granted for less than all the defendants and before 54(b) certification was entered. Since the order of summary judgment for LCB was not final as to all the claims and parties when rendered, argues LCB, it was not appealable as a final order under 28 U.S.C. § 1291.

Federal Rule of Appellate Procedure 4(a)(2) provides:

> Except as provided in (a)(4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof.

We recognize that the Tenth Circuit has held that 54(b) certification secured after the notice of an appeal had been filed was insufficient to vest the court with jurisdiction. *A.O. Smith Corp. v. Sims Consolidated Ltd.*, 647 F.2d 118, 120–21 (10th Cir. 1981). The concern of the Tenth Circuit was that allowing appeals where the appellant had not secured a 54(b) certification would lead to a large number of cases being held in a pending category and to

confusion and delay. *Id.* at 121. We respectfully disagree. The procedure would not be unduly complicated. If a 54(b) certification had been entered since the notice of appeal, as here, the case would be properly before the reviewing court; if 54(b) certification had not been entered, the appeal would be dismissed as a nonfinal judgment.

■ Both the Third and Seventh Circuits have ruled that a 54(b) certification may validate a prematurely filed appeal. *Tilden Financial Corp. v. Palo Tire Service, Inc.,* 596 F.2d 604, 607 (3d Cir.1979); *Local P–171, Amalgamated Meat Cutters and Butcher Workmen v. Thompson Farms Co.,* 642 F.2d 1065, 1075 (7th Cir. 1981). We find the reasoning of the Third Circuit persuasive:

> A 54(b) certification recognizes the practical finality of an order as to certain claims or parties and allows it to be appealed as though it were final. If the Court is to permit subsequent finality to validate a premature appeal under § 1291, logic would dictate allowing subsequent certification to validate a similarly premature appeal under Rule 54(b), inasmuch as 54(b) certification creates a final order under § 1291.

*Tilden,* 596 F.2d at 607. We therefore hold that if neither party is prejudiced, a 54(b) certification is sufficient to validate a premature notice of appeal. The LCB has not urged that it was prejudiced, and, in our review of the record, we find none.

### SERVICE OF PROCESS

■ Hittle, Watanabe, Pederson, Eldridge, Goyette, and Turner contend that the court does not have personal jurisdiction over them because they were never personally served with process. Since we are unable to determine from the record whether service was made according to Federal Rule of Civil Procedure 4(d), we remand to the district court.

### DENIAL OF BANQUET PERMITS

Applicants have the privilege of applying for banquet permits to serve liquor at specific events. The permit is subject to several conditions of which Freeman was aware, including prohibitions against serving liquor to minors, selling it for cash, or dispensing it after hours. Freeman had been issued banquet permits on various occasions. The LCB, after observing numerous violations of the permit conditions, placed the Monastery on the Master Denial List. This resulted in the Monastery's being denied future permits. Freeman contends that the LCB violated his right to due process because it did not afford him notice or a hearing before deciding not to issue further banquet permits to him.

■ Freeman had no due process right to notice and a hearing before being placed on the Master Denial List. In order for due process to attach, Freeman must show that he was deprived of a protected interest. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). The existence of a property interest is determined by reference to an independent source such as state law. *Id.* at 577, 92 S.Ct. at 2709. The Washington Supreme Court has held that "[t]here is no natural or constitutional right to sell or engage in the business of selling or dispensing intoxicating liquor." *Randles v. Washington State Liquor Control Board,* 33 Wash.2d 688, 206 P.2d 1209, 1213 (1949).

*Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), and *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), cited by Freeman, do not apply to the facts of this case. There was no public posting of the names on the Master Denial List. It was simply a means of informing liquor store employees issuing permits who was to be denied a permit. Additionally, we agree with the district court that there is no evidence of discrimination in the LCB's enforcement of the liquor regulations that is cognizable under § 1985.

### DISCLOSURE OF CLUB MEMBERSHIP

■ Freeman contends that the LCB regulation requiring a club to disclose its

membership before it would be issued a club license to serve liquor violates his constitutional right to free association. Disclosure of the ULC's predominately homosexual membership, argues Freeman, would subject the members to harassment.

The legitimate purpose of the regulation is to determine if the club is bona fide and if the members support the club's licensure to serve alcohol. Wash.Adm.Code 314–40–020. Freeman has failed to show that the requirement of membership disclosure as a prerequisite to obtaining a club license to serve alcohol would deter persons from freely associating on his premises in any manner protected by the Constitution. We note that the United States Supreme Court has held that the states have exceptionally wide latitude in the regulation of alcohol. *Hostetter v. Idlewild Bon Voyage Liquor Corp.*, 377 U.S. 324, 330, 84 S.Ct. 1293, 1296, 12 L.Ed.2d 350 (1964). The cases cited by Freeman involve virtually compulsory disclosure. *See, e.g., Gibson v. Florida Investigation Committee*, 372 U.S. 539, 83 S.Ct. 889, 9 L.Ed.2d 929 (1963); *Bates v. Little Rock*, 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960). Freeman was in no way forced to seek club licensing. This was simply one of the options he might have lawfully pursued if he chose to serve liquor.

### INTERFERENCE WITH LEASE AGREEMENT

■ Freeman alleges that certain LCB officers encouraged his landlord to terminate his lease with the ULC. Although this contention may be actionable under state law, we find that Freeman does not show, as he must under § 1983, that he has been deprived of a federally protected right by reason of the officers' alleged conduct.

### SEIZURE OF THE SANCTUARY'S MEMBERSHIP RECORDS

■ Freeman contends that the LCB seized The Sanctuary's membership records without a search warrant. We are unable to determine from the record whether Freeman's Fourth Amendment rights were violated; we therefore remand to the district court.

Costs on appeal are awarded to the defendants.

AFFIRMED in part, REVERSED in part, and REMANDED.