**Suzanne E. TIDLER, et al., Appellants**
**Helene Mankowitz, et al.**

v.

**ELI LILLY AND COMPANY,**
**INC. (Two Cases).**

**No. 85–5981.**

United States Court of Appeals,
District of Columbia Circuit.

July 24, 1987.

See also 95 F.R.D. 332.

Aaron M. Levine, Washington, D.C., was on appellants' response to order to show cause.

James A. Hourihan, Gail L. Heriot and Terri A. Steinhaus, Washington, D.C., were on appellee Eli Lilly and Company's response to the response of appellants to order to show cause.

Before WALD, Chief Judge, and MIKVA and WILLIAMS, Circuit Judges.

Opinion PER CURIAM.

### ON ORDER TO SHOW CAUSE

PER CURIAM:

This action stems from a product liability suit for damages related to ingestion of diethylstilbestrol ("DES") allegedly manufactured by Eli Lilly and Company, Inc. (hereafter "Lilly"). On August 23, 1985, the district court granted Lilly's motion for summary judgment as to eight of the nine plaintiffs. Proceedings in the suit by the ninth plaintiff continued in the district court.

Appellants filed a notice of appeal from this judgment on September 18, 1985, and the Clerk of the Court docketed the appeal as Case No. 85–5981. On October 9, 1985, the Clerk of the Court issued an order

which directed the appellants to show cause why the appeal should not be dismissed for lack of a final judgment under 28 U.S.C. § 1291 (1982).

On October 16, appellants moved before the district court for entry of final-judgment certification under Fed.R.Civ.P. 54(b). Lilly did not oppose this motion. On the same day, the district court issued a Rule 54(b) certification. Appellants then timely submitted a copy of this order as part of their response to the order to show cause.

Counsel for appellants did not file a notice of appeal from this second order of the district court immediately. On December 9, 1985, well beyond 30 days [that Fed.R. App.P. 4(a)(1) allows for filing a notice of appeal] after the October 16 judgment, see Fed.R.App.P. 4(a)(1) ("In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal ... shall be filed ... within 30 days after the date of entry of the judgment or order appealed from"), but within the 30–day "grace period" Fed.R.App.P. 4(a)(5) allows for district courts to grant extensions of time to file, the appellants moved to enlarge the period available to appeal. Lilly opposed this motion.

On December 19, 1985, the district court issued an order that made the requisite finding of "excusable neglect or good cause" under Fed.R.App.P. 4(a)(5) and then granted an extension of time to file a notice of appeal up to and including that same date.

Appellants did not submit their notice of appeal until December 30, 1985. The district court accepted this filing, and noted in longhand on the notice, "Extension granted to December 30, 1985." Appellants then noted their appeal, which has been designated as Case No. 86–5024.

On August 11, 1986, this court issued a *per curiam* order discharging the order to show cause of October 9, 1985. In addition, this court issued a new order to show cause why these consolidated appeals should not be dismissed as untimely. The

parties were directed to respond to the following two questions: (1) was the original Notice of Appeal (filed on September 18, 1985) invalid by virtue of no final judgment having been enacted at that time under Fed.R.Civ.P. 54(b)?; and (2) assuming that the original Notice of Appeal was untimely, was the Notice of Appeal filed December 30, 1985 timely?

The issue addressed here is whether the district court's Rule 54(b) certification was sufficient to validate a premature notice of appeal. We find that here it was.

In *Tilden Financial Corporation v. Palo Tire Service, Inc.*, 596 F.2d 604, 606–07 (3d Cir.1979), the notice of appeal was filed prior to the entry of the order under Rule 54(b) that was necessary to make final a ruling that disposed of the claim and counterclaim but left a third-party complaint pending. The court reasoned that:

[a] 54(b) certification recognizes the practical finality of an order as to certain claims or parties and allows it to be appealed as though it were final. If the Court is to permit subsequent finality to validate a premature appeal under § 1291, logic would dictate allowing subsequent certification to validate a similarly premature appeal under Rule 54(b), inasmuch as a 54(b) certification creates a final order under § 1291.

*Id.* at 607. Consequently, the court accepted jurisdiction of the appeal since there was no prejudice to either party.

In the instant case, the October 16 district court certification validated appellants' premature notice of appeal. Since Lilly did not contest the 54(b) certification, there is no reason to believe that Lilly is prejudiced by appellants' appeal. Most circuits have ruled that certification is sufficient to validate a premature notice of appeal. *See generally Freeman v. Hittle*, 747 F.2d 1299 (9th Cir.1984); *Local P–171, Amalgamated Meat Cutters & Butcher Workmen v. Thompson Farms Co.*, 642 F.2d 1065 (7th Cir.1981); *Metallurgical Industries, Inc. v. Fourtek, Inc.*, 771 F.2d 915 (5th Cir.1985) (when the only purpose

of the district court's certificate is to make an order appealable after the filing of a previous notice of appeal, it is not necessary to file a new notice of appeal); *Leonhard v. United States*, 633 F.2d 599 (2d Cir.1980) (in the absence of prejudice to the non-appealing party, the court declined to dismiss premature notices of appeal where subsequent actions of the district court imbued the order appealed from with finality); 10 Wright, Miller and Kane, *Federal Practice and Procedure: Civil Rules* § 2660 (1986) at 9–10; *but see A.O. Smith Corporation v. Sims Consolidated Ltd.*, 647 F.2d 118 (10th Cir.1981) (the court concluded that an appeal from an unappealable order cannot be saved by retroactive entry of final judgment in the district court under Rule 54(b)).[1] The Supreme Court, moreover, has permitted belated certification in an analogous context involving 28 U.S.C. § 1292(b). *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

In *Southern Parkway Corporation v. Lakewood Park Corporation*, 273 F.2d 107 (D.C.Cir.1959), this court explicitly reversed its former position[2] to hold broadly that *nunc pro tunc* compliance with Rule 54(b) would not suffice. The opinion in *Southern*, however, specifically addresses only whether the court should remand for a *nunc pro tunc* certification when none has been made and the case argued on appeal. In the instant case, a Rule 54(b) certification was obtained prior to this court addressing the merits of the case. Dismissal of the appeal because the certification was belated would result in what one court called mere "empty paper shuffling." *Thompson Farms Co.*, 642 F.2d at 1074. In *Thompson Farms Co.*, the court concluded by noting that:

[W]hen the district court in fact grants certification, even after a notice of appeal has been filed, nothing is achieved by dismissal. In no case that we can imagine would the mere addition of a Rule 54(b) certification to an order after the notice of appeal has been filed create a potential for conflict between the district court and the court of appeals.

*Id.*

In *Lac Courte Oreilles Band v. State of Wisconsin*, 760 F.2d 177 (7th Cir.1985), the state filed a notice of appeal from the district court's order disposing of some but not all of the Oreilles Indians' claims. Because the district court had not certified the order for immediate appeal, the court of appeals ordered the state to show cause why the appeal should not be dismissed for lack of a Rule 54(b) certification. In response to the show cause order, the state filed a memorandum opposing dismissal, alleging that it had requested a Rule 54(b) certification from the district court and that it expected to receive the certification shortly. *Id.* at 180. The district court granted the 54(b) certification. The Seventh Circuit found that the district court's certification under Rule 54(b) was sufficient to invoke appellate jurisdiction in the absence of prejudice to any party litigant. *Id.* at 181. Thus, the only distinction between *Lac Courte* and the instant case is that in *Lac Courte* the state's response to the order to show cause merely alleged that it had sought a Rule 54(b) certification. Here, appellants' response to the order to show cause contained a copy of the district court's Rule 54(b) certification.

Therefore, since no prejudice would befall Lilly, we find that in these circumstances the district court's Rule 54(b) certification validated appellants' premature notice

---

1. This course was seen to involve holding a large number of appeals as "pending," while the parties resort to the district court for a determination of finality. The Tenth Circuit found it a better course to dismiss such appeals, with the observation that if the district court wishes to enter final judgment under Rule 54(b) a new appeal can be taken. *Id.* at 121.

2. In *Vale v. Bonnett*, 191 F.2d 334 (D.C.Cir. 1951), this court held that "in the relatively early stage of the general enforcement of Rule 54(b)" a *nunc pro tunc* compliance with the

of appeal. Consequently, appellants' appeal in Case No. 85–5981 may go forward.[3]

rule, by the district court after an appeal has been argued, was sufficient. *Id.* at 335.

**3.** Appellants' second notice of appeal docketed as Case No. 86–5024 is therefore superfluous and is dismissed.