**Alejandro MARTINEZ, Appellant,**

v.

**ARROW TRUCK SALES, INC., Appellee.**

**Claude Amar.**

**No. 87–1121.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 4, 1988.

Decided Aug. 23, 1988.

Henry J. Watson, Kansas City, Mo., for appellant.

William M. Modrcin, Kansas City, Mo., for appellee.

Before HEANEY, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Alejandro Martinez appeals the district court's grant of judgment notwithstanding the verdict to Arrow Truck Sales (Arrow). Before this Court is Arrow's motion to dismiss the appeal as untimely. We deny the motion.

In April 1986 a jury returned a verdict for Martinez against Arrow and another defendant, Amar. The district court entered a judgment in accordance with the verdict. Both Arrow and Amar filed timely post-trial motions; Amar moved for a new trial and Arrow moved for judgment notwithstanding the verdict or in the alternative for a new trial. The district court granted in full both Amar's and Arrow's post-trial motions on May 29, 1986.

On June 27, 1986, Martinez filed a notice of appeal from that portion of the district court's order granting Arrow's post-trial

motion. He did not appeal the order granting Amar a new trial. On July 7, 1986, the Clerk of this Court informed Martinez by letter that the appeal may have been premature because the district court had granted a new trial. The Clerk then told Martinez to get a Federal Rule of Civil Procedure 54(b) certification from the district court. On December 4, 1986, the district court entered a Rule 54(b) certification, making that court's previous order granting Arrow's post-trial motion final for purposes of appeal. Martinez contends that he specifically asked the district court clerk if it would be necessary to file a new notice of appeal and that he was told there was no need to do so. Martinez also spoke with the Court of Appeals Clerk and was told that he should wait to receive further instructions. Subsequently, Martinez responded in a timely fashion to all of the customary requests for filings by the Court of Appeals Clerk.

Arrow has filed a motion to dismiss Martinez's appeal, asserting it is untimely. Arrow contends that because Martinez failed to file a second, timely notice of appeal after the Rule 54(b) certification, this Court does not have jurisdiction. Martinez argues that the subsequent Rule 54(b) certification validated the otherwise premature notice filed on June 27, 1986.

This Court has not addressed the procedural issue raised herein. Those courts of appeals which have addressed the issue are divided. *Compare Oak Constr. Co. v. Huron Cement Co.,* 475 F.2d 1220, 1221 (6th Cir.1973) (per curiam) (lack of jurisdiction cannot be cured by a belated Rule 54(b) certification)[1] *with Crowley Maritime Corp. v. Panama Canal Comm'n,* 849 F.2d 951, 954 (5th Cir.1988) (filing of notice of appeal prior to Rule 54(b) certification is sufficient to confer jurisdiction in appellate court); *Lewis v. B.F. Goodrich Co.,* 850 F.2d 641, 645 (10th Cir.1988) (en banc) (Rule 54(b) certification will allow appeal to ripen as of the date of certification and

court will accept jurisdiction pursuant to Fed.R.App. P. 4(a)(2)); *Tidler v. Eli Lilly & Co.,* 824 F.2d 84, 85–87 (D.C.Cir.1987) (per curiam) (Rule 54(b) certification validates a premature notice of appeal in absence of prejudice to non-appealing party); *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Wisconsin,* 760 F.2d 177, 180–81 (7th Cir.1985) (premature appeals followed by a belated certification will invest court with appellate jurisdiction); *Freeman v. Hittle,* 747 F.2d 1299, 1302 (9th Cir.1984) (same, in absence of prejudice to either party); and *Tilden Fin. Corp. v. Palo Tire Serv.,* 596 F.2d 604, 607 (3rd Cir.1979) (same).

We agree with the circuits in the majority. To allow Rule 54(b) certification to retroactively validate a prematurely filed notice of appeal "would not be unduly complicated. If a Rule 54(b) certification had been entered since the notice of appeal * * * the case would be properly before the reviewing court; if Rule 54(b) certification had not been entered, the appeal would be dismissed as a nonfinal judgment." *Freeman,* 747 F.2d at 1302. Further, the "principle [that] the district court was without power to amend the order appealed from in any way after the notice of appeal was filed * * * has always been shot through with exceptions where a fair construction of the Federal Rules of Civil Procedure so requires." *Local P–171, Amalgamated Meat Cutters and Butcher Workmen v. Thompson Farms Co.,* 642 F.2d 1065, 1073 (7th Cir.1981). We also note that "[t]he Supreme Court * * * has permitted belated certification in an analogous context involving 28 U.S.C. § 1292(b)." *Tidler,* 824 F.2d at 86 (citing *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)).

Arrow's reliance on *Cross v. United States Postal Service,* 733 F.2d 1327, 1328 n. 1 (8th Cir.1984), *cert. denied,* 470 U.S.

---

1. *But see Coalition for Equitable Minority Participation in Architectural Contracts in Tennessee (COMPACT) v. Metropolitan Gov't,* 786 F.2d 227,

228 n. 1 (6th Cir.1986) (court assumed jurisdiction when Rule 54(b) certification motion was filed on the same day as the notice of appeal).

1051, 105 S.Ct. 1750, 84 L.Ed.2d 815 (1985), is misplaced as that case does not involve a Rule 54(b) certification issue. Finally, while Arrow argues that it was generally prejudiced by the delay between the filing of the notice of appeal and the Rule 54(b) certification, it does not point to any specific, actual harm.

In summary, we are persuaded by the reasoning of the circuits holding that a Rule 54(b) certification will retroactively validate an otherwise premature notice of appeal, and we now so hold. Accordingly, we deny Arrow's motion to dismiss, and Martinez's appeal in Case No. 87–1121 may go forward.