### In re W. David WESTON, Debtor.

### W. David WESTON, Appellant,

v.

**Roger A. MANN, Robert A. Nickerson, Patricia Stoltenberg, Herbert Stoltenberg, Edwin Stoltenberg, Delford Ashley, Sam Hambarian, Alyce Hambarian, Lionel Ascher, Samuel Harmatz, Bernard Hodowski, Chris Waugh, H.E. Moses, and Harmatz & Hodowski, a partnership, Appellees.**

**Harold MASUNAGA, Yukio Ayabe, Marion Harada, Resource Concepts, and George Pingree, Appellants,**

v.

**Roger A. MANN, Robert A. Nickerson, Patricia Stoltenberg, Herbert Stoltenberg, Edwin Stoltenberg, Delford Ashley, Sam Hambarian, Alyce Hambarian, Lionel Ascher, Samuel Harmatz, Bernard Hodowski, Chris Waugh, H.E. Moses, and Harmatz & Hodowski, a partnership, Appellees.**

No. 91–C–722B.

United States District Court,
D. Utah, C.D.

April 22, 1992.

---

Richard N. Bigelow, Salt Lake City, Utah, for appellants.

Marvin D. Bagley, Ronald W. Goss, Gerald H. Suniville, Salt Lake City, Utah, for appellees.

## MEMORANDUM DECISION AND ORDER

BENSON, District Judge.

On April 9, 1992, the court heard oral argument on two motions filed by appellees Roger A. Mann, Robert A. Nickerson, Patricia Stoltenberg, Herbert Stoltenberg, Edwin Stoltenberg, Delford Ashley, Sam Hambarian, Alyce Hambarian, Lionel Ascher, Samuel Harmatz, Bernard Hodowski, Chris Waugh, H.E. Moses, and Harmatz & Hodowski, a partnership, ("the electing creditors"). Pending before the court were appellees' Motion for Summary Dismissal of Untimely Appeal of the debtor, W. David Weston, and appellees' Motion to Dismiss Appeal of appellants Harold Masunaga, Yukio Ayabe, Marion Harada, Resource Concepts, and George Pingree ("the surety creditors"). Gerald Suniville and Eric Olsen represented the electing creditors. Richard Bigelow represented the surety creditors. The debtor, W. David Weston, appeared pro se.

Having reviewed the memoranda submitted by the parties, having heard oral argument from counsel, being fully apprised, and for good cause appearing, the court makes the following findings and enters the following MEMORANDUM DECISION and ORDER:

### Background

On September 11, 1990, the debtor filed a Chapter 11 petition for bankruptcy. This petition was converted to a Chapter 7 liquidation bankruptcy on October 22, 1990. On November 26, 1990, a meeting of the creditors was held. At that meeting, John B. Maycock was nominated and elected as permanent trustee. The surety creditors and the debtor opposed the election of Mr. Maycock and disputed the results of the election.

On December 17, 1990, the bankruptcy court held a hearing to determine the election dispute. The debtor appeared at the hearing and opposed the election of Mr. Maycock. The surety creditors did not appear at the hearing. The court, announcing its decision from the bench, found that the election of Mr. Maycock was proper, and approved his selection as trustee.

Subsequent to the hearing, the court's decision was entered in two different written Orders. Each Order affirms the approval of Mr. Maycock as trustee of the bankruptcy estate.

The first Order ("the December 20 Order") was submitted to the court as a proposed Order by the United States Trustee. No copies of the proposed Order were sent to the other parties to the dispute. The Order was signed by the court on December 20, 1990, and entered on the docket on December 21, 1990. Copies of the signed Order were sent to the parties on December 20, 1990.

The second Order ("the January 12 Order") was submitted to the court by the electing creditors on December 21, 1990. Although no copies of this proposed Order were sent to the parties, each party received a copy of the cover letter accompanying the proposed Order. The letter informed the parties that a generic order, approving the election of Mr. Maycock as trustee, had been submitted to the court. The court did not sign the proposed Order until January 12, 1991. The Order was entered on the docket on January 16, 1991.

The debtor filed nothing with the court until January 22, 1991. On that date, he filed a memorandum entitled Debtor's Objection to the Proposed Order … and Motion for Findings. The memorandum was dated January 18, 1991. The memorandum objected to the form of the proposed Order submitted by the electing creditors and requested that the bankruptcy court make findings as to why it had approved Mr. Maycock's election. This objection, however, was filed ten days after the January 12 Order had been signed, and more than one month after the Order had been submitted to the bankruptcy court.

On January 29, 1991, the debtor filed a Motion to Reconsider or Amend the January 12, 1991, Order. This motion was filed 13 days after the January 12 Order was entered on the docket. At a hearing on March 11, 1991, the bankruptcy court denied the motion to reconsider. The bankruptcy court stated that the motion was untimely because it was not filed within ten days of the December 20 Order. A written Order reflecting this decision was signed on June 8, 1991, and entered on the docket on June 11, 1991.

The debtor and the surety creditors ("appellants") filed notices of appeal on June 13, and June 25, 1991, respectively. The electing creditors ("appellees") responded by filing motions to dismiss the appeals as untimely.

### Discussion

The time for filing a notice of appeal is governed by Rule 8002 of the Bankruptcy Rules. Pursuant to Rule 8002(a), a notice of appeal must be filed within ten days of entry of the Order appealed from. If, however, an appropriate Rule 8002(b) motion to reconsider is filed within the ten days, the time for appeal does not begin to run until entry of the Order denying or granting the motion to reconsider.

The timeliness of a filing under Rule 8002 is critical. The court has no jurisdiction to hear an appeal which is not timely filed. Accordingly, the requirements of Rule 8002 must be strictly construed. *See In re Slimick*, 928 F.2d 304, 306 (9th Cir.1990).

The issue confronting this court is whether the time for appeal runs from the entry of the December 20 Order, or from the entry of the January 12 Order. If the time for appeal is based on the December 20 Order, both appeals are untimely and must be dismissed for lack of jurisdiction. If, however, the time for appeal is based on the January 12 Order, there remains an issue as to whether the debtor filed a Rule 8002(b) motion within the ten day period.

Appellees argue that the time for appeal expired ten days after entry of the December 20 Order. They submit that the December 20 Order was a final disposition of the matter, and thus commenced the time for appeal.

Appellants maintain that the time for appeal commenced upon the entry of the January 12 Order. First, they argue that the December 20 Order is invalid. Next, they assert that the entry of the January 12 Order commenced a new ten day period for appeal. Finally, it is argued that even if the appeals are found to be untimely, this court should allow the appeals under the doctrine of "unique circumstances."

Accordingly, there are three issues which must be considered by the court: (1) whether the December 20 Order is valid, (2) whether the entry of the January 12 Order affects the time for appeal, and (3) whether the court should allow an untimely appeal under the doctrine of unique circumstances.

### 1. The Validity of the December 20 Order

Appellants claim that the December 20 Order is defective and void. They argue that procedural improprieties in the way the Order was submitted and entered by the bankruptcy court render the Order invalid.

First, they assert that the United States trustee lacked standing to submit a proposed Order to the court. The trustee was not a party to the election dispute and had no standing to appeal the decision. Accordingly, it is argued, it was improper for the trustee to submit a proposed Order to the court.

Next, appellants argue that the submission and entry of the proposed Order were in violation of Rule 13 of the Local Rules for the District of Utah.[1] Rule 13 states that, unless otherwise directed by the court, orders announced in open court are to be prepared in writing by the prevailing party. The proposed Order is to be served upon the opposing parties and approved as to form. Approval is deemed waived if no objections are made within 5 days of service of the proposed Order. Appellants argue that Rule 13 was violated because the proposed Order was not submitted by the prevailing party, was not served upon the opposing parties, and was entered without giving an opportunity for the opposing parties to object to the form of the Order.

The court finds, however, that the December 20 Order is valid. A signed Order represents the will of the court. Perceived improprieties in the preparation and submission of the Order will not invalidate the Order. Once the court has given its stamp of approval to a proposed Order, it becomes the Order of the court. It does not matter whether the proposed Order was prepared by the court, a party, or even a non-party. Absent fraud or mistake, an Order which has been accepted and signed by the court is valid.

The court has authority to determine the procedure for preparing written Orders. Rule 13 expressly allows the court to direct how an Order will be entered. The rule states that preparation by the prevailing party does not apply if "otherwise determined by the court." Rule 13 merely provides a mechanism to assist the court in preparing Orders if the court chooses to

---

1. This rule, as amended, is currently found under Rule 206 of the Rules of Practice of the United States District Court for the District of Utah.

follow it. The court may prepare its own Orders or accept Orders submitted to it.

Accordingly, none of the alleged improprieties involved in the submission of the December 20 Order have any bearing on the validity of the Order. The bankruptcy court chose to adopt the proposed Order as its own. Thus, the December 20 Order was a valid court Order. It represented a final disposition of the trustee election dispute, and commenced the ten day period for appeal.

### 2. The Effect of the January 12 Order

Appellants next argue that the January 12 Order commenced a new ten day period. The court finds, however, that the January 12 Order did not extend the time for appeal.

■ Pursuant to the bankruptcy rules, the time for appeal commences with the entry of the document which represents a final disposition of the issue appealed from. In the present case, the issue on appeal is the election of Mr. Maycock as trustee. The December 20 Order represents a final disposition of that issue. Accordingly, the time for appeal commenced when the Order was entered on the court's docket. When the ten day period for appeal expired, the court lost all authority over the matter.

■ Thus, this court has no jurisdiction to hear an appeal of the Maycock election dispute. The entry of the January 12 Order does not change that fact. The December 20 Order was the final disposition of the election dispute. The January 12 Order was not a second final disposition of the issue and did not extend the time for appeal. As explained by the court in *In re Slimick*, 928 F.2d 304, 307 (9th Cir.1990):

> [I]f, after filing a final disposition, a court files a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period.

Thus, the entry of the January 12 Order did nothing to restore jurisdiction to the court. The Order was surplusage because it purported to dispose of an issue which had already been resolved.

This court finds that the time for appeal commenced on December 21, 1990, when the Order was docketed. Appellants filed nothing within the ten day period. Accordingly, the appeals filed by the debtor and the surety creditors were untimely.

### 3. The Doctrine of Unique Circumstances

■ Appellants next argue that even if the appeals were untimely, they should be accepted under the doctrine of unique circumstances. Under the doctrine, the court is allowed to consider an untimely appeal if the court has engaged in an affirmative act which has misled the appellant. *See In re Stagecoach Utilities, Inc.*, 86 B.R. 229, 230 (Bankr. 9th Cir.1988). The debtor in the present case asserts that he was misled by the court's actions, and that he should therefore be allowed to file an untimely appeal under the doctrine of unique circumstances.

■ The court finds, however, that the doctrine of unique circumstances does not apply to the present case. The bankruptcy court was not responsible for the appellants' failure to meet the appeal deadline. It did nothing to mislead the parties.

The debtor claims that he was misled by the court's failure to comply with the procedures of Local Rule 13. As stated above, however, the court was not required to follow Rule 13. Its decision not to follow the rule was not a misleading act.

Appellants may have been misled by the December 21 letter which accompanied the electing creditors' proposed Order. However, this letter was sent by a party and was not an act of the court.

Appellants argue that the court's actions in signing and entering the January 12 Order lulled the debtor into believing that the January 12 Order was the final Order of the court. These actions, however, could not have caused the debtor to miss the appeal deadline because they occurred several days after the time for appeal had expired.

It cannot be said that the court engaged in any misleading act which caused the appellants to miss the ten day filing deadline on the December 20 Order. The court

announced its decision on December 17, 1990. It sent copies of the signed Order to all parties, including the appellants, on December 20, 1990. Appellants, however, failed to file anything with the court until long after the time for appeal had passed. The doctrine of unique circumstances does not apply in the present case.

### Conclusion

The court finds that the document signed on December 20, 1990, was the final disposition of the Maycock election dispute. The time for appeal ran from the date of entry of that Order. Because nothing was filed within the requisite time period, the appeals of the debtor and the surety creditors are untimely. This court, therefore, has no jurisdiction to hear the appeal. Accordingly,

IT IS HEREBY ORDERED that the June 13, 1991, appeal of the debtor, W. David Weston, and the June 25, 1991, appeal of the surety creditors Harold Masunaga, Yukio Ayabe, Marion Harada, Resource Concepts, and George Pingree are DISMISSED.