**In re HAMAKUA SUGAR COMPANY, INC., a Hawaii corporation, Debtor.**

**CARLSMITH BALL WICHMAN MURRAY CASE & ICHIKI, Appellant,**

v.

**WESTERN FARM CREDIT BANK, Appellee.**

Bankruptcy No. 92–00865.

Civ. No. 94–00602MP.

United States District Court, D. Hawai'i.

Oct. 3, 1994.

---

694

Presley Pang, Carlsmith Ball Wichman Murray Case & Ichiki, Honolulu, HI, for appellant.

Paul A. Schraff, Dwyer Imanaka Schraff Kudo Meyer & Fujimoto, Honolulu, HI, for defendant.

*ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION; AND ORDER DISMISSING EX PARTE MOTION TO EXTEND BRIEFING SCHEDULE AS MOOT*

PENCE, Senior District Judge.

BACKGROUND

On September 20, 1994, this court heard Feder & Mills' Application For Designation as a Party to Appeal And For Authority to File Briefs and Participate in Oral Argument ("Application"). The Application referred to a notice of appeal filed by Carlsmith Ball Wichman Murray Case & Ichiki ("Carlsmith Ball") on July 19, 1993 from the bankruptcy court's Order Approving Turnover of Funds to Western Farm Credit Bank ("Turnover Order"), entered July 14, 1993. Simultaneously, the court also considered the Ex Parte Motion of Carlsmith Ball to Extend Briefing Schedule of its appeal in view of Feder & Mills' Application.[1]

In considering Feder & Mills' Application, this court reviewed the record on appeal to determine, sua sponte, whether the order of the bankruptcy court appealed from was final or interlocutory, and, also, whether this court has appellate jurisdiction. *See In re Ryther,* 799 F.2d 1412 (9th Cir.1986).

The bankruptcy court's Turnover Order of July 14, 1993, resulted from the court's oral ruling of June 11, 1993, and contained the following:

"For the reasons stated by the Court at the hearing and in the Findings of fact and Conclusions of Law to be filed hereafter[2] ...."

The bankruptcy court also ordered that:

"4. The turnover of the funds to WFCB [Western Farm Credit Bank] is subject to an audit of the operations and expendi-

---

1. By previous Order entered September 8, 1994, this court granted Carlsmith Ball's Motion for Extension to September 20, 1994, at which time a new briefing schedule would be set.

2. The Western Farm Credit Bank was instructed to submit Proposed Findings of Fact and Conclusions of Law.

tures of Hamukua [sic] for the week ended March 31, 1993 ...,"

and

"9. This order is certified as a final order."

This is the order from which Carlsmith Ball appealed.

Bankruptcy court records further reveal that subsequently, the bankruptcy court issued a Memorandum Opinion Concerning Motion for Turnover of Cash Collateral, entered May 27, 1994. In its memorandum opinion, the court stated:

"Bank's proposed findings and conclusions were not submitted until February, 1994 ... Bank's proposed findings and conclusions will not be used. This memorandum opinion will serve as the court's statement of reasons for granting Bank's Motion for Turnover of Cash Collateral."

ANALYSIS

A. *Finality of Order.*

■ District courts have jurisdiction to hear appeals from final bankruptcy orders, and may grant leave to hear appeals from interlocutory orders. 28 U.S.C. § 158(a). A "final decision" generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945). Interlocutory orders are not appealable as of right. They may be reviewed at the discretion of the district courts. 28 U.S.C. § 1334(b). *In re Mason,* 709 F.2d 1313, 1315 (9th Cir.1983).

The first issue to be resolved here is which of the court's two orders represented its final order—the July 14, 1993 Order or the May 27, 1994 Memorandum Opinion.

1. *The July 14, 1993 Order.*

■ The court's July 14, 1993 Order referred to its reasons stated at the June 11, 1993 hearing. A review of the transcript of the June 11, 1993 hearing, however, fails to elicit "its reasons" and law in support of the court's July 14, 1993 Order. In *U.S. v. Schaefer Brewing Co.,* 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958). The Court stated:

"While an opinion may embody a final decision, the question whether it does so depends upon whether the judge has or has not clearly declared his intention in this respect in his opinion ... When all of these elements [determination that language of opinion embodies the essential elements of a judgment and clearly evidences the judge's intention that it shall be his final act in the case, and, thereafter, entry of judgment by brief notation of judgment in the docket showing substance of court's judgment, as provided by Rule 79(a) ] clearly appear final judgment has been both pronounced and entered, and the time to appeal starts to run under the provisions of Rule 73(a) ... and ... the later filing and entry of a more formal judgment could not constitute a second final judgment in the case nor extend the time to appeal".

*Id.,* at 232 and 233, 78 S.Ct. at 678.

Applying The Court's two-prong test to determine finality of an order, it appears that the court's July 14, 1993 order was not a final order because finality hinged on the filing of the Findings of Fact and Conclusions of Law, as well as an audit of Hamakua's operations and expenditures for a specified period. *See also Maddox v. Black, Raber–Kief & Associates,* 303 F.2d 910 (9th Cir.1962) (Order entered by trial judge which read, "Judgment for Petitioner. Counsel for Petitioner to prepare Findings of Fact, Conclusions of Law, and Judgment" was not a final judgment from which an appeal could be taken); and *Zucker v. Maxicare Health Plans, Inc.,* 14 F.3d 477 (9th Cir.1994) (judgment not final since court record has no record of the filing of any notice that the conditions imposed by the court had been met).

2. *The May 27, 1994 Order.*

The Proposed Findings of Fact and Conclusions of Law prepared by the Western Farm Credit Bank at the court's request had not been submitted until sometime in February, 1994, and, though submitted, *was never filed* with the bankruptcy court, as directed by the July 14, 1993 Order. Notwithstanding those Findings and Conclusions, the

court, sua sponte, on May 26, 1994, issued its Memorandum Opinion Concerning Motion for Turnover of Cash Collateral. That Memorandum Opinion, entered May 27, 1994, though effectively dispensing with the necessity of any findings of fact and conclusions of law and ignoring any mention of the previously ordered audit, included the court's cursory statement of reasons for issuing the July 14, 1993 Order.

■ Subsequent to the "non-final" holding of *Maddox*, 303 F.2d 910, supra, and faced with the court's May 27, 1994 Memorandum Opinion, this court notes that in *In re Slimick*, 928 F.2d 304, 307 (9th Cir.1990), the court held that the absence of accompanying findings and conclusions did not prevent an order from fully adjudicating an issue, and, reiterating its holding in *Steccone v. Morse–Starrett Products Co.*, 191 F.2d 197, 200 (9th Cir.1951), that the absence of findings of fact required by Fed.R.Civ.P. 52(a) did not, per se, undermine the finality of a memorandum opinion. As both *United States v. Lee*, 786 F.2d 951, 955 (9th Cir.1986), and *Spates v. Manson*, 619 F.2d 204, 209 n. 3 (2nd Cir. 1980) state, appealability turns on the effect of the ruling, not the label assigned to it.

Here, however, the bankruptcy court's July 14, 1993 order included its statement that "the reasons stated at the hearing *and* the forthcoming findings of fact and conclusions of law *to be filed hereafter*" [emphasis added], as well as its order that the turnover of funds was subject to an audit, thereby rendered the order conditional and non-final. Were it not for the fact that the court's July 14, 1993 Order specifically set forth those conditions, that Order might well be construed as its final order, and the court's May 27, 1994 Memorandum Opinion, though issued more than ten months later and after notice of appeal had been filed, could have been regarded as simply the court's more formal judgment—not a second final judgment—and, as such, could not extend the time to appeal. Under the circumstances, however, the July 14, 1993 Order, must be deemed a non-final order, and the court's May 27, 1994 Memorandum Opinion, which omitted the conditions set forth in its July 14,

1993 Order but stated its reasoning and legal conclusions, must be deemed its final order.

### B. *Appealability of Order.*

■ The second issue to be resolved is whether the court's May 27, 1994 Memorandum Opinion was, though "final", an interlocutory order subject to appeal. As previously noted, a "final decision" generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Catlin v. United States*, supra. Clearly, neither of the court's orders ended the litigation nor settled the substantive rights of all of the parties involved. Both, therefore, are interlocutory orders.

The Motion for Turnover of Cash Collateral by Western Farm Credit Bank, a secured creditor, is a contested matter in bankruptcy under Rule 9014, Federal Rules of Bankruptcy Procedure. As such, Rules 7052, 7054, and 9021 also apply. Fed.Bankr.Rule 7052 and related F.R.Civ.Pro. Rule 52(a) provides:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and *judgment shall be entered pursuant to rule 58* … It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court. [Emphasis added.]

F.R.Civ.Pro. Rule 58, mandates that, subject to the provisions of Rule 54(b):

> (1) upon … a decision by the court … that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by that court … *Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)*…. [Emphasis added.]

and Rule 54 (related Bankruptcy Rule 7054) provides:

> (a) "Judgment" … includes a decree and any order from which an appeal lies.

(b) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, *the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment ....* [Emphasis added.]

█ As held in *In re Chateaugay Corp.,* 922 F.2d 86 (2nd Cir.1990), according to the terms of Rule 54(b), an interlocutory order does not become final until the court determines that there is no just reason for delay and expressly directs entry of a final judgment, citing *In re King City Transit Mix, Inc.,* 738 F.2d 1065, 1066 (9th Cir.1984) (per curiam). *See also Curtiss–Wright Corporation v. General Electric Company,* 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980) and *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956). That finality determination must be made in the context of the less rigid finality requirements of section 158(d), rather than section 1291 (final decisions of district courts) because section 158(d) is the relevant standard of finality in bankruptcy proceedings. *In re Wood and Locker, Inc.,* 868 F.2d 139, 145 (5th Cir.1989). Therefore, before a judgment can be appealable, it must be effective. To be effective, it must be entered in accordance with Bankruptcy Rule 9021:

Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. *Every judgment entered in ... [a] contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003.* The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules. [Emphasis added.]

█ The bankruptcy court's July 14, 1993 Order included the statement: "This order is certified as a final order." The court's May 27, 1994 Memorandum Opinion contained no such statement. The mere verbal grant of "certification" without the court's "express determination" that no just reason for delay

exists, however, does not satisfy F.R.Civ.P. Rule 54(b), which also requires the entry of partial final judgment. Although the circuits are sharply divided on this issue, the law of *this* circuit requires entry of a partial final judgment *and* a proper 54(b) "express determination that there is no just reason for delay". *Frank Briscoe Co. v. Morrison–Knudsen Co.,* 776 F.2d 1414 (9th Cir.1985). *See also Morrison–Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981); *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 5–6, 10, 100 S.Ct. 1460, 1463–64, 1466, 64 L.Ed.2d 1 (1980). *Cf. Kelly v. Lee's Old Fashioned Hamburgers, Inc.,* 908 F.2d 1218, 1219 (5th Cir.1990) (appeal entertained where judgment was entered but no express determination made) and *Alexander v. Chicago Park Dist.,* 773 F.2d 850, 855 (7th Cir. 1985) (appeal entertained where court's Order did not technically comply with Rule 54(b) but court's intent was clear).

The court's May 27, 1994 Memorandum Opinion, though final in nature, is still an interlocutory order. The order remains interlocutory until the bankruptcy court determines that the order is final within the context of section 158(d).

28 U.S.C. § 158 vests district courts with jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees of bankruptcy judges. Subsection (c) provides that such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." Interpreting 28 U.S.C. § 158(c), the court, in *In re United Press Intern., Inc.,* 60 B.R. 265, 275 (Bankr.D.Dist.Col.1986), stated:

"[I]n instances where a certification by a district judge under 28 U.S.C. § 1292(b) would be required in a case appealed from a district court to a court of appeals, just so is certification by a bankruptcy judge required on an interlocutory appeal from a bankruptcy judge's decision to a district judge."

The court further stated:

"[T]he 'manner' in which 'appeals in civil proceedings generally are taken to the

courts of appeals from the district courts' is governed, as to discretionary appeals from interlocutory orders, by 28 U.S.C. § 1292(b); and § 1292(b) unequivocally requires certification by the district court as well as leave of the court of appeals."

28 U.S.C. § 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, *he shall so state in writing in such order....* [Emphasis added.]

█ The time for appeal commences with the entry of the document representing final disposition of the issue appealed from. *Vernon v. Heckler,* 811 F.2d 1274 (9th Cir.1987) (period for filing notice of appeal begins upon "entry" of judgment or order appealed from; judgment or order is not entered within meaning of rule unless every judgment is set forth on separate document, distinct from any opinion or memorandum) and *In re Weston,* 139 B.R. 543, 547 (D.Utah 1992), aff'd. 18 F.3d 860 (10th Cir.1994). In the instant case, a Judgment was neither entered nor recorded in the bankruptcy court records of either of the court's two Orders, as required under Bankruptcy Rule 8016(a). Lack of entry of judgment and certification of no just reason for delay of entry of judgment render the court's orders as non-final orders, and any appeals taken therefrom must be dismissed. *See Freeman v. Hittle,* 747 F.2d 1299 (9th Cir.1984); *Wood and Locker,* 868 F.2d at 145; and *In re Chateaugay Corp.,* 922 F.2d at 91.

CONCLUSION

The bankruptcy court's Turnover Order of July 14, 1993, is a non-final order not subject to appeal. The court's Memorandum Opinion, entered May 27, 1994, is its final order; however, it is an interlocutory order also not

subject to appeal because it lacks the finality requirement of F.R.Civ.Pro. 54(b). Carlsmith Ball's appeal must be dismissed for lack of jurisdiction.

In the interest of justice, it is appropriate to provide the court and parties with an opportunity to cure the jurisdictional defects above set forth. This appeal is dismissed without prejudice to its being reinstated when, as, and if the court and the parties comply with the requirements of Bankruptcy Rules 7052 (F.R.Civ.P. 52(a)), 7054 (F.R.Civ.P. 54(b)), 5003(c), and 9021, and upon a showing that neither party is prejudiced. Carlsmith Ball's prematurely filed amended notice of appeal of June 6, 1994, will be validated under Bankruptcy Rule 8002.[3] This court will also grant leave to appeal without a motion therefor being required. Bankruptcy Rule 8003.

Carlsmith Ball's Motion to Extend Briefing Schedule is now moot and, perforce, must also be dismissed.

IT IS SO ORDERED.

---

3. *See Freeman v. Hittle, supra,* 747 F.2d 1299 (9th Cir.1984) and *In re Chateaugay Corp., supra,* 922 F.2d 86 (2nd Cir.1990).