43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George FREEMAN, Plaintiff-Appellant,
v.
Wes PARKS, Defendant,
Lester Lester "Chuck" Dalrymple; Paula O'Connor; Mike
Murphy; Jack Rabourn; John Doe, Officers of the
State of Washington 1 thru 5,
Defendants-Appellees.
 No. 94-35578.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Freeman appeals pro se the district court's summary judgment for defendants in Freeman's civil rights action against members and employees of the Washington state liquor control board. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo whether a genuine issue of material fact precludes summary judgment and whether a party is entitled to judgment as a matter of law. E.g., Tipton v. University of Haw., 15 F.3d 922, 925 (9th Cir.1994). We affirm.
 
 
 3
 This action is another in a long series of federal lawsuits filed by Freeman challenging the responses of Washington officials to Freeman's violations of state liquor laws during the 1980's. In habeas-type claims filed with this action, Freeman again denied that he violated state law. The district court dismissed these claims and refused to issue a certificate of probable cause because Freeman failed to meet the "in custody" requirement under 28 U.S.C. Sec. 2254. Freeman's request for a certificate from this court was initially construed as an amended notice of appeal. We now address the certificate request on its merits.[1]
 
 
 4
 Collateral consequences stemming from a conviction are not sufficient to meet the "in custody" requirement. See, e.g., Brock v. Weston, 31 F.3d 887, 889-90 (9th Cir.1994). Freeman himself stated to the district court that his "prior misdemeanor convictions of jail time and fine[ ] have been completely served prior to [the] filing of these petitions," and that he is "in custody" only by virtue of "collateral consequences flowing from the state's mandate that he is not allowed access to any employment or public accommodations." The record casts no doubt on these representations, and we therefore decline to issue a certificate because Freeman does not present a question debateable among reasonable jurists whether he meets the "in custody" requirement. See Clark v. Lewis, 1 F.3d 814, 819 (9th Cir.1993).
 
 
 5
 The remainder of this lawsuit concerns Freeman's claim that in 1990 liquor board officials unlawfully conditioned delivery of a liquor license to Pacific Occidental Partnership of Washington, Inc., on Freeman's completion of certain work at the licensed establishment and on his return to California. Freeman also alleges that, during the licensing process, state officials remarked to third parties that Freeman should still be in jail and that they were "going to bust him."
 
 
 6
 The district court granted summary judgment for defendants primarily on the ground that Freeman has no constitutionally protected interest in working at a Washington state liquor establishment. Based on our holding in another case involving Freeman, we agree. See Freeman v. Hittle, 747 F.2d 1299, 1302 (9th Cir.1984) (ruling that Freeman had no due process right concerning a liquor board decision because " '[t]here is no natural or constitutional right to sell or engage in the business of selling or dispensing intoxicating liquor' ") (quoting Randles v. Washington State Liquor Control Bd., 206 P.2d 1209, 1213 (Wash.1949)). We also reject Freeman's contention that the Twenty-first Amendment does not allow states to limit an individual's ability to work in liquor establishments. See California v. LaRue, 409 U.S. 109, 114-15 (1972) ("the broad sweep of the Twenty-first Amendment has been recognized as conferring something more that the normal state authority over public health, welfare, and morals"). To the extent Freeman claims that defendants have interfered with his ability to work in establishments that do not sell or dispense liquor, he offers no evidence in support of such claims.
 
 
 7
 Freeman also failed to raise a genuine issue that he suffered any reputational injury cognizable under 42 U.S.C. Sec. 1983. The defendants' evidence shows that (1) Freeman was employed by Pacific Occidental Partnership of California, Inc., (2) he undertook the limited task of installing sound and lighting for a sister corporation in Washington, (3) he was permitted to complete this task, and (4) the defendants were not concerned about Freeman's relationship with the California corporation. Because Freeman failed to show any injury to his existing business relations, the district court did not err by granting summary judgment. See Botefur v. City of Eagle Point, 7 F.3d 152, 158 (9th Cir.1993) (harm to future employment prospects insufficient to establish section 1983 liability for reputational injury).
 
 
 8
 We reject Freeman's other challenges to the district court's decision, including those challenges first raised in Freeman's motion for reconsideration. The district court did not abuse its discretion by denying Freeman's motion to recuse Judge Coughenour on the ground that the judge "had previously declined to grant a habeas petition ... premised upon the same set of restraints [as] in the present case." See United States v. Chischilly, 30 F.3d 1144, 1149-50 (9th Cir.1994). It also was not an abuse of discretion to deny Freeman leave to amend his complaint almost a year after the action was filed and days before Freeman's response to defendants' summary judgment motion was due. See Western Shoshine Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir.1991), cert. denied, 113 S.Ct. 74 (1992).
 
 
 9
 Furthermore, the district court was not obligated to notify Freeman of summary judgment requirements because he was not incarcerated. See Jacobsen v. Filler, 790 F.2d 1362, 1364-67 (9th Cir.1986). Nor did the court abuse its discretion by denying Freeman additional opportunities to conduct discovery because Freeman points to no specific evidence that would have supported his claims and his claims fail as a matter of law. See Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1556-57 (9th Cir.1991). Finally, we need not address Freeman's challenge to the dismissal of defendants Parks and Hallett because he did not raise the matter until his reply brief. See Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n, 997 F.2d 581, 584 n. 4 (9th Cir.1993). In any event, Freeman's claims against these defendants would have fared no better than his claims against the other defendants. We have considered Freeman's other arguments and find them to be without merit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Freeman's habeas claims are joined with claims under civil rights statutes, this does not excuse the need for a certificate of probable cause to appeal the habeas claims. See 28 U.S.C. Sec. 2253. Contrary to a suggestion appearing in this court's September 1, 1994 order construing Freeman's certificate request, his habeas claims cannot be construed as claims under 42 U.S.C. Sec. 1983 because his state convictions have not previously been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). To the extent the previous order indicates otherwise, we overrule it. See United States v. Robertson, Nos. 93-50194, etc., slip op. 14369, 14373 (9th Cir. Nov. 23, 1994) ("A merits panel of this court may review the motions panel's decision.")