**Ezra DAVIS III, and Mary Davis, Plaintiffs–Appellants,**

v.

**Corrections Officer T. BUCHER, Defendant–Appellee.**

No. 87–3694.

United States Court of Appeals, Ninth Circuit.

Argued and Submission Deferred Jan. 5, 1988.

Submitted July 19, 1988.

Decided Aug. 2, 1988.

Gene M. Grantham, Bellevue, Wash., for plaintiffs-appellants.

Robert C. Hargreaves and Theresa L. Fricke, Asst. Attys. Gen., Dept. of Corrections, Olympia, Wash., for defendant-appellee.

Before WRIGHT, ALARCON and POOLE, Circuit Judges.

POOLE, Circuit Judge:

This case presents the question whether the constitutional right of privacy is violated when a state correctional officer exhibits an inmate's intimate photographs to two other inmates. The district court decided it was not and granted the summary judgment from which Plaintiffs-appellants Ezra and Mary Davis (Davises) appeal. We affirm.

## I.

In December 1983, Ezra Davis (Davis) was incarcerated at the Washington State Reformatory at Monroe Honor Farm and scheduled for transfer to the reformatory proper. Accordingly, his possessions were inventoried, boxed, and placed in an office awaiting shipment. Among them was an envelope containing four nude photographs of his wife Mary. Out of curiosity, correctional officer Theodore Bucher (Bucher) removed the photos from the envelope and examined them. He then exhibited the pictures to at least two inmates before replacing them. Upon learning of this incident, Davis filed a grievance.[1] Bucher's immediate supervisor investigated the incident, Bucher admitted the allegations, and was verbally reprimanded.

In May 1984, at the reformatory, Bucher attempted to serve Davis a meal in his cell. Upon Bucher's arrival, Davis became agitated and shouted for Bucher's removal. After the incident, the desk sergeant asked Bucher to explain Davis' reaction. He recounted the photo incident, adding gratuitous derogatory comments about Mary Davis' anatomy. The sergeant ordered him to "knock it off." Bucher's remarks to the sergeant were overheard by at least one guard and one inmate. Upon learning of the remarks, Davis filed another grievance. Bucher again admitted the allegations. No further action was taken because the superintendent of the reformatory determined that the desk sergeant's reprimand was sufficient. The Davises then filed a complaint in district court seeking damages under, *inter alia*, 42 U.S.C. § 1983, against Bucher and various superiors in their individual capacities,[2] alleging they had been deprived of various constitutional rights.

The defendants moved for summary judgment. A United States Magistrate recommended that the motion be denied. The district court rejected the recommendation and issued a Memorandum Opinion granting the motion and dismissing the complaint, holding that no constitutionally protected privacy interests were implicated by the photo incident. The Davises timely appealed. Their sole argument on appeal is that the district court erred in concluding that their claim for invasion of privacy is not cognizable under section 1983.

## II.

■ It is familiar doctrine that one component of the right of privacy resident in the Fourteenth Amendment is "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977). *See Fleisher v. City of Signal Hill*, 829 F.2d 1491, 1497 n. 3 (9th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988); *Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir.1985). Though often noted, this interest has been infrequently examined; as a result its contours remain less than clear. *Carey v. Population Servs. Int'l*, 431 U.S. 678, 684–85, 97 S.Ct. 2010, 2015–16, 52 L.Ed.2d 675 (1977); *Grummett*, 779 F.2d at 494.

The Davises' seek a broad construction of that right. Their theory is that the Fourteenth Amendment houses an interest

---

**1.** The photos were returned to Davis upon his arrival at the reformatory. His right to possess the photos at the institution is not disputed.

**2.** On appeal, it is unclear whether the Davises' challenge extends beyond the dismissal of their section 1983 claim against Bucher. Our resolution makes any further inquiry unnecessary.

in avoiding the unconsented and unwarranted disclosure of intimate photographs by the state, and that this interest was violated by Bucher's conduct in exhibiting the photos to others and sharing his critique of their contents with the desk sergeant (directly) and others (indirectly). This theory cannot be sustained.

■ We read three admonitions of the Supreme Court as dispositive of the question. First, the Supreme Court has repeatedly cautioned federal and state courts against enlarging the "commodious" contours of section 1983 and the Fourteenth Amendment so as to displace state tort law. *See, e.g., Daniels v. Williams,* 474 U.S. 327, 332, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986); *Parratt v. Taylor,* 451 U.S. 527, 544, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981); *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). Thus, the mere fact that the allegedly tortious conduct was performed by a state actor does not support its characterization as a constitutional wrong. *Daniels,* 474 U.S. at 332, 106 S.Ct. at 665; *Parratt,* 451 U.S. at 544, 101 S.Ct. at 1917. *See also McClary v. O'Hare,* 786 F.2d 83, 89 (2d Cir.1986). Second, the central mission of both section 1983 and the substantive component of the due process clauses is to provide redress for, and deter, abuse of governmental authority. *See Daniels,* 474 U.S. at 330–32, 106 S.Ct. at 664–65; *McClary,* 786 F.2d at 88–89 & n. 6. Third, the judiciary should be circumspect in "expand[ing] the substantive reach of th[e Due Process] Clauses, particularly if it requires redefining the category of rights deemed to be fundamental." *Bowers v. Hardwick,* 478 U.S. 186, 195, 106 S.Ct. 2841, 2846, 92 L.Ed.2d 140 (1986).

These principles are not without limit. That the tortious conduct resulted from the position of the officer may indicate an abuse of authority and transform an act of misfeasance into a constitutional injury. And the caution mandated by *Bowers* should not be permitted to interfere with our mission to protect individual rights, whether they be grounded in specific or open-ended constitutional provisions.

■ Mindful of these tenets, and assuming that the Constitution protects against state disclosures of personal information in some instances,[3] we conclude that the injury alleged by Davis is not one of constitutional magnitude. The allegations at hand present a controversy squarely within the ambit of state tort law protections. The mere fact that Bucher was clothed in official garb cannot transform his act into one of constitutional significance. There is no allegation that Bucher committed a shocking degradation of Davis by circulating the sensitive photos to some inmates and derogatory comments to his coworkers; rather, this case presents two isolated instances of poor judgment. We discern no aggravated abuse of authority by Bucher warranting the displacement of state tort law as the appropriate, and exclusive, vehicle of redress. *See Daniels,* 474 U.S. at 331–33, 106 S.Ct. at 665; *McClary,* 786 F.2d at 88–89. Davis imported the photos into the prison environment, a habitat presenting an inherent risk of disclosure and a cognizable diminution in Davis' reasonable expectations of privacy. *See Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). *See also Trapnell v. Riggsby,* 622 F.2d 290, 292 (7th Cir.1980) ("even in the most secure prison setting, intentional or inadvertent viewing of [intimate] photographs cannot be prevented") (upholding regulations proscribing possession of noncommercial intimate photographs). Bucher merely examined the photos and shared them briefly with a nearby inmate. Later, asked to explain Davis' ve-

---

**3.** We decline the Davises' invitation to consider the scope of the "confidentiality branch" of the constitutional right to privacy. The extent to which the due process clauses substantively protect the individual against disclosure of personal information is a substantial question. *See Whalen,* 429 U.S. at 605–06, 97 S.Ct. at 879. *Compare id.* at 606, 97 S.Ct. at 879 (Brennan, J., concurring) *with id.* at 608–09, 97 S.Ct. at 881 (Stewart, J., concurring). We simply hold that this right is not triggered by the isolated and limited disclosure in the prison setting that Davis alleges. *See Grummett,* 779 F.2d at 494 (assuming the constitutional interest and finding no constitutional injury).

hement reaction to his presence, Bucher voiced a derogatory opinion of Mary Davis' form.

Bucher's conduct was tasteless, unwise, and unwarranted, but this is not the despicable and outrageous abuse of official power and invasion of carefully guarded personal modesty presented in *York v. Story,* 324 F.2d 450 (9th Cir.1963), *cert. denied,* 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964). There, under color of state law, the police persuaded an objecting assault victim that unnecessary naked and suggestively posed photos were crucial to preserve evidence of the crime for their investigation, took and copied the photographs, and widely circulated them in the department. Bucher's malefaction is simply not in that league. Nor is this the calculated and egregious humiliation of the plaintiff to further specific state interests presented in *Slayton v. Willingham,* 726 F.2d 631 (10th Cir.1984).[4] This case is also far removed from *Fadjo v. Coon,* 633 F.2d 1172 (5th Cir. Unit B 1981) where the state's investigator flagrantly breached a pledge of confidentiality, which had been instrumental in obtaining the personal information.

### III.

Bucher's indiscretions do not constitute the type of governmental abuse which demands a constitutional response. Rather, elevating them to constitutional dimension would tend to trivialize the Fourteenth Amendment by making it a magnet for all claims involving personal information, state officers, and unfortunate indignities. We heed the Supreme Court's counsels of caution and conclude that the Davises have not alleged the type of injury remediable under section 1983 and the due process clause. Their remedy, if any, lies in the state courts. *See Daniels,* 474 U.S. at 336, 106

S.Ct. at 667. The judgment of the district court is affirmed.

AFFIRMED.

---

**4.** In *Slayton,* the Tenth Circuit held that allegations that the police had "obtain[ed] private, personal photos" of the plaintiff and displayed them to his acquaintances in the course of an illegal investigation stated a section 1983 claim for invasion of privacy.

