142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ray WATSON, Plaintiff-Appellant,
v.
Patricia MAXWELL; Las Vegas Valley Water District; Clark
County Commissioners, in individual and official
capacities, Defendants-Appellees.
 No. 97-16718.
D.C. 97-00984 PMP.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998**.
Decided April 28, 1998.
 
 Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ray Watson appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging defendants' improper disclosure of his personnel records pursuant to a Fed.R.Civ.P. 45 subpoena.[1] We review de novo the district court's dismissal for failure to state a claim. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). We affirm.
 
 
 3
 A plaintiff states a cause of action under § 1983 by alleging (1) action under color of state law that (2) deprives him of a federal constitutional or statutory right. See Ortez v. Washington County, 88 F.3d 804, 810 (9th Cir.1996). Watson did not identify either in his complaint or on appeal any statutory provision extending a federal privacy right to his personnel records. In his amended complaint, Watson purported to assert privacy rights under the United States Constitution; the Freedom of Information Act, 5 U.S.C. § 522; and the Nevada Administrative Code. There is no constitutional basis for a privacy right protecting the records at issue here. See Davis v. Bucher, 853 F.2d 718, 719-21 (9th Cir.1988) (describing limited scope of constitutional privacy right); cf. In re Grand Jury Proceedings, John Doe, M.D., 801 F.2d 1164, 1169 (9th Cir.1986) (per curiam) (holding no constitutional privacy right protects patients' medical records). Watson concedes on appeal the inapplicability of 5 U.S.C. § 522. The alternative statutory basis for an alleged privacy right cited in Watson's opening brief, 42 U.S.C. § 2000aa-6 (the Privacy Protection Act of 1980), also is inapplicable to the facts Watson alleges. See 42 U.S.C. § 2000aa(a). Finally, § 1983 does not provide a cause of action for alleged violations of state law. See Freeman v. Hittle, 747 F.2d 1299, 1303 (9th Cir.1985).
 
 
 4
 Accordingly, the district court did not err by dismissing Watson's complaint. See Barnett, 31 F.3d at 816. Nor did the district court err by failing to grant Watson leave to amend, since amendment would have been futile. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir.1990).
 
 
 5
 Watson's motion to strike appellees' documents is DENIED as moot.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Appellant's motion for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Watson failed to appeal to the district court judge the magistrate judge's order granting defendants' motion for sanctions under Fed.R.Civ.P. 11, he has forfeited his right to appeal it to this court. See Fed.R.Civ.P. 72(a); Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1173-75 (9th Cir.1996) (holding party failing to object timely under Rule 72(a) forfeits right to appellate review); see also Maisonville v. F2 Am., Inc., 902 F.2d 746, 747-48 (9th Cir.1990) (holding Rule 11 sanctions non-dispositive and therefore properly imposed by magistrate judge following settlement of the case). In any event, imposition of Rule 11 sanctions after entry of judgment was not in error. See Community Elec. Serv. of Los Angeles v. National Elec. Contractors Ass'n, Inc., 869 F.2d 1235, 1242 (9th Cir.1989) (holding timeliness of Rule 11 motion within trial judge's discretion, and filing within 30 days of entry of judgment not an abuse of discretion)
 
 
 [1]
 Because Watson failed to raise in his opening brief the district court's dismissal of his supplemental state law claim for intentional infliction of emotional distress, he has waived that issue on appeal. See Simpson, 77 F.3d at 1176 (issues not raised in opening brief waived). Finally, we reject Watson's contention that an allegedly improper conversation between opposing counsel and a district court deputy clerk prejudiced his ability to present his case. Watson failed to support his claim of prejudice