Cynthia TRUHAN, Plaintiff—
Appellant,

v.

CITY OF LOS ANGELES, Kelly
Chrisman and Duke Torres,
Defendants,

and

City of Santa Monica and Ray Cooper,
Defendants—Appellees.

No. 03–56557.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2005.*

Decided June 13, 2005.

Bernard David Walter, Esq., Shavertown, PA, for Plaintiff–Appellant.

Robert M. Yaspan, Esq., Law Offices of Yaspan & Thau, Rockard J. Delgadillo, Esq., Van Nuys, CA, Carol Ann Rohr, Esq., Santa Monica City Attorney, Santa Monica, CA, for Defendant–Appellee.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

Cynthia Truhan appeals the district court's summary judgment for defendants

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

in her action against the City of Santa Monica and Santa Monica Police Department ("SMPD") Officer Ray Cooper for violating her constitutional right to privacy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment *de novo* on appeal, *Lovell v. Chandler,* 303 F.3d 1039, 1052 (9th Cir.2002), and we affirm.

Truhan argues that SMPD violated her constitutional right to privacy by releasing, to the Los Angeles Police Department, a secretly recorded videotape of a confidential criminal confession taken by the SMPD. We determine that the release of Truhan's videotaped criminal confession is not the type of "despicable and outrageous abuse of official power and invasion of carefully guarded personal modesty" protected by the Due Process Clause of the Fourteenth Amendment. *See Davis v. Bucher,* 853 F.2d 718, 721 (9th Cir.1988). The tape does not reveal the most intimate details of Truhan's private life, even assuming the confession was secretly videotaped, with a promise of confidentiality, and under extraordinary emotional circumstances. Moreover, Truhan did not have a reasonable expectation of privacy concerning a criminal confession made during a police department interview at a police department headquarters. *See, e.g., id.* at 720 (holding that a prisoner who imported nude photos of his wife into a prison environment undertakes an "inherent risk of disclosure and a cognizable diminution in ... reasonable expectations of privacy").

Accordingly, the district court properly awarded summary judgment to Cooper because Truhan failed to allege an injury of a "constitutional magnitude." *Id.* Since we affirm the district court's judgment that there is no underlying constitutional violation, Santa Monica is entitled to judgment as a matter of law. *See Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

courts of this circuit except as may be provid-

Truhan also contends that the district court erred by (1) dismissing her motion for a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f), (2) refusing to view the videotape of her confession, and (3) overruling her evidentiary objection to two witness declarations.

We find that additional discovery was unnecessary here because Truhan failed to allege that she could obtain facts through discovery that would establish constitutional injury. *See Jones v. Blanas,* 393 F.3d 918, 930—31 (9th Cir.2004). Further, we find that it was unnecessary for the district court to view the videotape because, even if it shows Truhan in an extremely emotional state, it does not give rise to a privacy interest that does not otherwise exist. Finally, the court's admission of government witness declarations does not require reversal because the district court accepted Truhan's asserted facts as true and still concluded that there was no constitutional injury.

AFFIRMED.

ed by Ninth Circuit Rule 36–3.