**Beqir KRASNIQI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Beqir Zenel Krasniqi, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

Nos. 05–74284, 06–70979.

United States Court of Appeals, Ninth Circuit.

460

Submitted Nov. 8, 2006 *.

Filed Jan. 25, 2007.

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*        Fed. R.App. P. 34(a)(2).

Beqir Krasniqi, Tacoma, WA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of

Homeland Security, San Francisco, CA, Immigration and Naturalization Service Office of the District Counsel Seattle, WA, Shahira M. Tadross Fax, U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Beqir Krasniqi, a native of the former Yugoslavia and citizen of the Kosovo region of Serbia–Montenegro, petitions pro se for review of the affirmance by the Board of Immigration Appeals (BIA) of an immigration judge's (IJ) denial of his application for cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act of 1997 (NACARA), Pub.L. No. 105–100, 111 Stat. 2160, as amended by Pub.L. No. 105–139, 11 Stat. 2644. Krasniqi also petitions for review of the BIA's affirmance of the IJ's denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture (CAT) and the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and we dismiss the petitions in part and deny the petitions in part.

### A. Cancellation of Removal

■ The IJ determined that Krasniqi had not demonstrated extreme hardship and was, therefore, ineligible for cancellation of removal under NACARA. "Extreme hardship" is a discretionary deter-

mination which we lack jurisdiction to review. *Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997). Thus we dismiss the petition in so far as it seeks review of the IJ's denial of cancellation of removal.

### B. Asylum

■ Substantial evidence supports the IJ's determination that Krasniqi had not established eligibility for asylum. The single beating and detention that Krasniqi suffered in 1981 is insufficient to compel a finding that he suffered past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir.2006) (beating and three-day detention did not constitute past persecution). Substantial evidence also supports the IJ's conclusion that Krasniqi did not establish a well-founded fear of persecution on account of a protected ground if he were to return to Kosovo. The U.S. State Department Report, which is part of the record, indicates that the Kosovo region of Serbia–Montenegro is under administration of the United Nations with a U.N. authorized peacekeeping force in place.

■ Because Krasniqi failed to satisfy his burden of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Substantial evidence also supports the IJ's determination that Krasniqi did not establish eligibility for protection under CAT. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003).

### C. Motion to Reopen

■ The government argues that this court lacks jurisdiction to consider the BIA's denial of Krasniqi's motion to re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

open as it pertains to Krasniqi's application for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i) "bars jurisdiction ... to review the denial of a motion to reopen that pertains only to the merits basis for a previously-made discretionary determination under [8 U.S.C. § 1229b]." *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). That is, if Krasniqi's evidence concerns the same basic hardship grounds as his application for cancellation of removal, this court lacks jurisdiction to review the denial of the motion to reopen. *Id.* at 602–03. However, if the motion to reopen concerns an entirely new basis for establishing hardship, such as a "newly discovered, life threatening medical condition," this court does have jurisdiction. *Id.* at 601–02. Here, Krasniqi's medical evidence was a new basis for establishing hardship because the evidence presented at the original hearing concerned only economic and dislocation hardship. Therefore, we have jurisdiction to review the denial of the motion to reopen in its entirety.

■ However, the BIA did not abuse its discretion in denying the motion to reopen because Krasniqi's medical evidence did not establish a prima facie case for cancellation of removal or asylum. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (holding that prima facie eligibility is demonstrated by showing there is a reasonable likelihood that the statutory requirements for relief have been satisfied).

### D. *Due Process Claims*

A BIA decision violates due process "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). "Due process challenges to deportation proceedings require a showing of prejudice to succeed." *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999).

■ Krasniqi first asserts that his due process rights were violated by the INS' failure to complete processing of his 1990 asylum application. To establish prejudice from the INS' error, Krasniqi would have to show the potential that he would have been granted asylum had the application been processed. The limited evidence in the record shows that the INS had issued an "intent to deny" letter before it lost the application. In addition, during the current proceeding, the IJ found that Krasniqi had not suffered past persecution. Therefore, Krasniqi has not shown prejudice. *See Iturribarria v. INS*, 321 F.3d 889, 901 (9th Cir.2003).

■ Krasniqi next argues that he did not receive a full and fair hearing because the IJ was biased, improperly limited the evidence, and made certain factual and legal errors. The hearing transcript does not support Krasniqi's assertion of bias on the part of the IJ. There is evidence in the record that Krasniqi submitted a four-page written statement at the beginning of the hearing which the IJ returned to him after issuing her oral decision. The statement was not made part of the record and was not discussed by the IJ. On appeal, Krasniqi asserts that this statement was his "best" evidence, but he does not provide a copy of the statement nor summarize its contents. The IJ did give Krasniqi an opportunity to make an oral statement at the end of the hearing. Therefore, Krasniqi has not shown that any errors during the course of the hearing "potentially .... affect[ed] the outcome of the proceedings." *Perez–Lastor v. INS*, 208 F.3d 773, 780 (9th Cir.2000).

■ The IJ did err in stating that Krasniqi had not applied for CAT relief and applying the presumption of hardship when considering his application for cancellation of removal under NACARA. However, these errors did not prejudice

Krasniqi because the IJ considered his CAT claim on the merits and he was not entitled to the benefit of the presumption.

 The IJ explained to Krasniqi that he had a right to obtain counsel, and continued the hearing so that he could have time to get a lawyer. Krasniqi's inability to secure representation by an attorney did not violate his due process rights. *See Ray v. Gonzales,* 439 F.3d 582, 586–87 (9th Cir.2006) (individual in immigration proceeding does not have Sixth Amendment guarantee of an attorney at government expense, but has right to obtain counsel of own choice).

Finally, Krasniqi contends that his right to privacy was violated when the DHS released his personal information to the public. The DHS' disclosure of personal information does not constitute a wrong of constitutional magnitude. *See Davis v. Bucher,* 853 F.2d 718, 720 (9th Cir.1988).

**PETITIONS DISMISSED IN PART; DENIED IN PART.**